ORIGINAL

FILED

DEC 20 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE U.S DISTRICT COURT
FOR NORTHERN CALIFORNIA

ANTONIO L. WILLIAMS    CASE NO. CV 07 6419

vs                                          CW (PR)

N. ALBONICO ET, AL    MOTION T

REFILE COMPLAINT
UNDER IMMINENT
HARM DANGER DUE
TO JUDGE ERROR
ABUSE DISCRETION
OF DISMISSAL, IN-
TERFERENCE IN
A CONSOLIDATED
ACTION INVOLVING
F.B.I INVESTIGAT-
ION AN TOLLS
STATUE OF LIM-
ITATION:

ON JAN 23, 07 PLAINTIFF REFILED
THIS COMPLAINT AFTER U.S.D.C
EASTERN DIST. MAGISTRATE JUDGE
WUNDERLICH BLAWLY by ABUSED
DISCRETION DISMISSED THIS
COMPLAINT AS WAS APART OF A
CONSOLIDATED CASE, F.B.I INVEST-
IGATION AS WAS TRANSFERED TO
SAID COURT DEC 2.05 by JUDGE
CLAUDIA WILKEN WHO STIPULATED
THE CASE WILL NOT BE DISMISS-
ED SEE EXH 1 JAN 23, 07 FILED

1.

Motion to Refile complaint toll
statue of limitation." On June
2,07 U.S.D.C of Eastern Dist. Mag-
istrate Judge Kimberly Mueller
issued a order to show cause
Diarly to proceed Informa to
prosecute his F.B.I case refus-
ed to read Info into court rec-
ord and on July 26,07 Magist-
rate Judge Kimberly Mueller
misstated Info and said plain-
tiff dislocated shoulder
had been surgically stabalize
and plaintiff by so was not
in imminent harm danger
and Dismissed this case as
plaintiff shoulder is still
dislocated see Exhibits 2,3
June 2,07, July 26,07 court orders

"On Aug 10,07 Plaintiff did and
there filed a motion of object-
ion of findings, recommendation
Aug 10,07 filed affadavit of obj-
ection to toll statue of limit-
ation to Magistrate Judge Kimberly
Mueller dismissal of case see
Exhibits 4,5 filed said Doc-
uments

2.

ON AUG 30, 07 U.S.D.C EASTERN DIST. JUDGE GARLAND BURRELL WITHOUT STATING REASONS AND BY ABUSED DISCRETION DISMISSED CASE SEE EXH 6 COURT ORDER OF

ON OCT 31, 07 PRISON AUTHORITIES DELIVERED THIS COURT ORDER OF AUG 30, 07 COURT ORDER BY JUDGE GARLAND AFTER THEY WITHHELD THIS COURT ORDER 61 DAYS BEFORE GIVING IT TO ME AS WAS GIVEN TO ME ON OCT 31, 07 CORRECTIONAL OFFICER MATTHEW OF HOUSING UNIT 4 2ND WATCH AND LOGGED IT ON PG 58 LEGAL MAIL BOOK OF HOUSING 4 WHERE PLAINTIFF IS HOUSED SEE EXH 7 C/O MATTHEW SIGNATURE VERIFYING INFO OF

AND BY ALL INFO PLAINTIFF IS PROTECTED BY CONCEALMENT OF INFO TOLLS STATUES OF LIMITATIONS 10:19; DELAKIEWICZ VS COUNTY SUFFOLK, 29 F. SUPP. 2d 134 (ED NY 1998 ALSO 5:25; DETIE VS ORANGE COUNTY, 152 F. 3D 1109 (9TH CIR. 1998

RESPECTFULLY SUBMITTED,

DATED: 12-9-07    I DECLARE UNDER
PENALTY OF PERJURY
ALL TRUE.

3.

Antoni... ...

Exh
1

IN THE U.S DISTRICT COURT FOR
THE NORTHERN DISTRICT OF CALIF

ANTONIO L. WILLIAMS
VS
N. ALBONIC ET., AL

MOTION
TO REFILE
COMPLAINT
UNDER IMMINANT
HARM, DANGER
DUE TO JUDGE
ERROR OF DISMISS
AL IN A CONSOLID
ATED ACTION AN
TOLLS STATUE
OF LIMITATION.

ORIGINAL
FILED

JAN 23 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ON 5-16-06 THIS COMPLAINT WAS
FILED AND APART OF A ONGOING
F.B.I INVESTIGATION INTO INJURIE
DISLOCATED SHOULDER SUFFERED
BY HIGH DESERT STATE PRISON
CORRECTIONAL OFFICERS FROM ASSA-
ULT AND ON EXCESSIVE FORCE SAID
INFO IS OF A ONGOING INVESTIGAT-
ION SEE EXH A FEB, 05 COURT ORDER
BY FEDERAL JUDGE CLAUDIA WILKEN.
"ON DEC 1,05 JUDGE CLAUDIA WILKEN
CONSOLIDATED THIS COMPLAINT
WITH ANOTHER STATING NEITHER
WILL BE DISMISSED SEE EXH B
COURT ORDER INCLUDING THEREIN
1.

ORDERING ACTIONS TRANSFERED
TO EASTERN DISTRICT COURT.

"ON NOV 20, 06 U.S.D.C OF EASTERN
DISTRICT JUDGE DISMISSED BOTH
ACTIONS NOT EVEN REFERING TO
ASSAULT COMPLAINT OF N. ALBONICO
ET. AL IN CASE NO. C05-2002 CW OR F.BI
INVESTIGATION NOR MENTION ANY
INFO REGARDING TOLL TIME FOR
ASSAULT COMPLAINT SEE EXH C NOV
20, 06 COURT ORDER.

PETITIONER IS SERVING 35yR LIFE
SENTENCED AND IS PROTECTED BY JAN, 05
RULING WHICH GIVE PETITIONER 30 + 4 YEARS
BEFORE FILING COMPLAINT SEE CONTROLING
CASES MARKED EXH D UNDERLINED + BY
JUDGE WUNDERLICH ABUSE DISCRETION
OR ERROR IN DISMISSING ACTION PETIT-
IONER IS PROTECTED BY CONCEALMENT
OF INFO TOLLS STATUES OF LIMITATION,
10:19; BLAUKIEWICZ W. COUNTY SUFFOLK, 29 F.SUPP.
2D 134 (ED NY 1998 AK NO. 8:25; DETIE VS. ORANGE
COUNTY, 152 F.3D 1109 (8TH CIR. 1998

RESPECTFULLY SUBMITTED,

I DECLARE UNDER
PENALTY OF PERJURY
ALL TRUE.

DATED: 12-28-06

Antonio Williams

"ExhA"

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORIGINAL
FILED

ANTONIO LUIS WILLIAMS,

FEB 2 2 2005

No. C 04-1329 CW (PR)

Plaintiff,

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
AND TERMINATING ALL PENDING
MOTIONS

v.

DIRECTOR OF DOJ, JOHN ASHCROFT,
ET AL.,

Defendants.

(Docket nos. 27, 8, 9, 11, 12,
14, 15, 20, 21, 22, 24, 25,
31, 32, 34, 38)

## INTRODUCTION

Plaintiff Antonio Luis Williams, a State prisoner incarcerated at Pelican Bay State Prison (PBSP), filed this civil action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, requesting the Court to enjoin Defendants, officials of the Department of Justice (DOJ), from denying him access to documents which will prove that he is innocent of the crimes for which he was convicted.[1]  The Court directed Defendants to respond to the complaint.  Now pending is Defendants' motion for summary judgment, which has been briefed fully by the parties.  For the reasons discussed below, the Court GRANTS the motion for summary judgment.

## STANDARD OF REVIEW

Summary judgment is properly granted when no genuine and disputed issues of material fact remain and when, viewing the evidence most favorably to the nonmoving party, the movant is

---

[1] This Court denied on the merits Petitioner's federal petition for a writ of habeas corpus challenging the constitutional validity of his conviction.  See Williams v. Runnels, 02-2310 CW (Order Denying Petition for a Writ of Habeas Corpus, Mar. 4, 2004).  Petitioner appealed that ruling to the Ninth Circuit.  On January 18, 2005, the Ninth Circuit affirmed the judgment of the District Court.

United States District Court
For the Northern District of California

1  clearly entitled to prevail as a matter of law.  Fed. R. Civ. P.

2  56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986);

3  Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir.

4  1987).

5      The moving party bears the burden of showing that there is no

6  material factual dispute.  Material facts which would preclude

7  entry of summary judgment are those which, under applicable

8  substantive law, may affect the outcome of the case.  The

9  substantive law will identify which facts are material.  Anderson

10  v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Where the moving

11  party does not bear the burden of proof on an issue at trial, the

12  moving party may discharge its burden of showing that no genuine

13  issue of material fact remains by demonstrating that "there is an

14  absence of evidence to support the nonmoving party's case."

15  Celotex, 477 U.S. at 325.  The burden then shifts to the nonmoving

16  party, who must go beyond the pleadings and, by its own affidavits

17  or discovery, "set forth specific facts showing that there is a

18  genuine issue for trial."  Fed. R. Civ. P. 56(e).  A complete

19  failure of proof concerning an essential element of the nonmoving

20  party's case necessarily renders all other facts immaterial.

21  Celotex, 477 U.S. at 323.  For purposes of summary judgment the

22  court must regard as true the opposing party's evidence, if

23  supported by affidavits or other evidentiary material.  Celotex,

24  477 U.S. at 324; Eisenberg, 815 F.2d at 1289.

BACKGROUND

25

26      The following statement of facts is undisputed unless

27  otherwise noted, and is taken from the allegations in Plaintiff's

28  verified complaint and the declarations and evidence submitted by

2

1    the parties in support of and in opposition to the motion for
2    summary judgment.

3    In February, 2000, Plaintiff sent what he refers to as a
4    "corruption complaint" against the Oakland Police Department to
5    John Ashcroft at the DOJ. In January, 2001, he sent a copy of a
6    September, 2000, complaint to President Bush, informing him that
7    DOJ officials had taken no action. Plaintiff received a letter
8    from the DOJ dated February 26, 2001. The letter was from the
9    Special Litigation Section of the Civil Rights Division (CRD). It
10   informed Plaintiff that the CRD's authority does not extend to
11   investigating individual grievances and suggested that Plaintiff
12   consider contacting a private attorney. See Hermilla Decl. in
13   Support of Motion for Summary Judgment, Ex. B. The letter was
14   assigned DOJ file number 168-11E-0/125981.

15   Thereafter, Plaintiff submitted a FOIA request to the DOJ
16   asking for all information and documents contained in DOJ file
17   number 168-11-E-0/125981. The CRD received the request on July 5,
18   2002, and the FOI/PA Branch of the CRD received the request on
19   March 7, 2003. See id., Ex. A. In response to the request, the
20   FOI/PA Branch searched to locate responsive records and determined
21   that, other than the February 26, 2001, letter from the Special
22   Litigation Section, the CRD had no responsive documents. This
23   determination was confirmed by the fact that Plaintiff's February
24   26, 2001, letter had a "0" file number, which indicated that no
25   investigation was opened and that any records in the "0" file would
26   have been destroyed in accordance with the National Archives and
27   Records Administration records retirement schedule.

28   In a letter dated August 13, 2003, the Chief of the FOI/PA

United States District Court
For the Northern District of California

3

United States District Court
For the Northern District of California

1   Branch explained to Plaintiff that no documents existed within DOJ
2   file 168-11E-0 and informed him of his appeal rights.  On September
3   5, 2003, Plaintiff sent an appeal to the DOJ Office of Information
4   and Privacy.  In a letter dated November 26, 2003, that office
5   affirmed the CRD's actions.
6       Plaintiff filed this action on April 6, 2004.  In an Order
7   dated June 24, 2004, the Court directed Defendants to respond to
8   the complaint.  Upon receiving the Court's Order, the FOI/PA Branch
9   learned for the first time of letters that Plaintiff had sent to
10  Tamara Miller, the former Deputy Chief of the Criminal Section.
11  The FOI/PA Branch then conducted additional FOIA searches--both
12  manual and computer-based--to determine if there were any further
13  responsive documents.  The FOI/PA Branch's additional searches
14  revealed that the Criminal Section had opened a file and sent
15  information relating to Plaintiff's allegations to the Federal
16  Bureau of Investigation (FBI).  The FOI/PA Branch's additional
17  inquiry also revealed that the Criminal Section's file on the
18  matter is an open investigation.
19      In a letter dated September 3, 2004, the FOI/PA Branch
20  informed Plaintiff that he might wish to contact the FBI to request
21  any documents relating to his allegations.  In addition, on
22  September 14, 2004, the FOI/PA Branch produced eighteen pages of
23  responsive documents relating to the Criminal Section's open
24  investigation, but withheld fourteen pages of documents under
25  various provisions of the FOIA.  Specifically, the CRD denied
26  Plaintiff access to attorney e-mails and other notes regarding its
27  investigation of Plaintiff's allegations, pursuant to 5 U.S.C.
28  § 552(b)(7)(A), on the ground that disclosure thereof could

4

1   reasonably be expected to interfere with ongoing law enforcement

2   proceedings.  The CRD also denied access to these records pursuant

3   to 5 U.S.C. § 552(b)(5), on the ground that the records contain

4   attorney work product and pre-decisional deliberative materials,

5   and pursuant to 5 U.S.C. § 552(b)(7)(C), on the ground that

6   disclosure thereof could reasonably be expected to constitute an

7   unwarranted invasion of the personal privacy of witnesses,

8   interviewees and/or targets.  Plaintiff did not file an appeal

9   regarding the September 14, 2004, response to his request.

DISCUSSION

11      The FOIA mandates a policy of broad disclosure of government

12  documents when production is properly requested of an agency.  See

13  5 U.S.C. § 552(a).  The FOIA obligates the government to produce

14  documents within its "possession or control."  See Kissinger v.

15  Reporters Comm. for Freedom of Press, 445 U.S. 136, 150-51 (1980).

16  If a government agency claims that it does not possess or control a

17  requested document, the agency must show it fully discharged its

18  statutory obligations by conducting a search reasonably calculated

19  to uncover all relevant documents.  See Urban v. United States, 72

20  F.3d 94, 95 (8th Cir. 1995); Weisberg v. United States Dep't of

21  Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983).  The issue to be

22  resolved is not whether there might exist any other documents

23  possibly responsive to the request, but rather whether the search

24  for those documents was adequate.  The adequacy of the search, in

25  turn, is judged by a standard of reasonableness and depends upon

26  the facts of each case.  See Zemansky v. EPA, 767 F.2d 569, 571

27  (9th Cir. 1985).

28      An agency may withhold a requested document only if it falls

United States District Court
For the Northern District of California

5

United States District Court
For the Northern District of California

1   within one of nine statutory exemptions to the disclosure

2   requirement. See Dobronski v. FCC, 17 F.3d 275, 277 (9th Cir.

3   1994) (citing 5 U.S.C. § 552(b)). The FOIA establishes federal

4   district court jurisdiction to conduct de novo review of agency

5   decisions to deny requested access to agency records. Jurisdiction

6   is dependent upon a showing that an agency has (1) improperly (2)

7   withheld (3) agency records. See Kissinger, 445 U.S. at 150.

8   "Judicial authority to devise remedies and enjoin agencies can only

9   be invoked, under the jurisdictional grant conferred by § 552, if

10  the agency has contravened all three components of this

11  obligation." Id.

12       The FOIA requires that administrative appeals be exhausted

13  before suit may be brought in federal court. See Hymen v. Merit

14  Systems Protection Bd., 799 F.2d 1421, 1423 (9th Cir. 1986), cert.

15  denied, 481 U.S. 1019 (1987). Failure to do so is grounds for

16  dismissal for lack of subject matter jurisdiction. Id.

17       Defendants argue that Plaintiff's complaint must be dismissed

18  as moot because the CRD FOI/PA Branch has provided him with

19  eighteen pages of responsive documents and he has not challenged

20  that decision. Defendants also assert that any challenge to their

21  withholding of fourteen pages of exempt documents under 5 U.S.C.

22  §§ 552(b)(7)(A), (b)(5) and (b)(7)(C) must be dismissed because

23  Plaintiff has not exhausted his administrative remedies.

24       The Court agrees with Defendants' assessment. An action to

25  compel the production of documents under the FOIA is mooted when

26  the agency in control of the requested documents delivers them to

27  the plaintiff. See Carter v. Veterans Admin., 780 F.2d 1479, 1481

28  (9th Cir. 1986). Dismissal is then warranted. See id. This is so

                                6

United States District Court
For the Northern District of California

1   even if the documents are provided after the Plaintiff has filed
2   suit in district court, and notwithstanding the agency's initial
3   provision of erroneous and incomplete information to the Plaintiff.
4   Id.; see also Papa v. Untied States, 281 F.3d 1004, 1013 (9th Cir.
5   2002) (production of all nonexempt material, however belatedly,
6   moots FOIA claims). Here, Plaintiff's complaint sought to enjoin
7   Defendants from withholding documents responsive to his FOIA
8   request. Since the complaint was filed Defendants have provided
9   Plaintiff with all responsive material which they claim is
10  nonexempt. Plaintiff has not challenged this decision by way of an
11  agency appeal and his opposition to Defendants' motion for summary
12  judgment does not address Defendants' argument. Accordingly,
13  because the agency has provided Plaintiff with all responsive
14  nonexempt documents in its possession and Plaintiff has not
15  challenged this decision, his request for Court action is moot.
16      To the extent Plaintiff is dissatisfied with Defendants'
17  response to his FOIA request and seeks access to the documents
18  which Defendants claim are exempt, he must exhaust all DOJ CRD
19  FOI/PA administrative remedies before pursuing such claim in
20  federal court. In his September 14, 2004, letter to Plaintiff,
21  Nelson Hermilla, Chief of the CRD, tells Plaintiff how he can
22  appeal the CRD's decision.
23      Plaintiff has failed to raise a triable issue of fact with
24  respect to whether his claim that Defendants have failed to provide
25  him with responsive documents is moot. He also has failed to raise
26  a triable issue of fact with respect to whether he has exhausted
27  administrative remedies in response to Defendants' refusal to
28  provide him with certain documents. Accordingly, summary judgment

United States District Court
For the Northern District of California

1   is GRANTED to Defendants on the grounds of mootness and

2   nonexhaustion of administrative remedies.

PLAINTIFF'S PENDING MOTIONS

4       Since June 28, 2004, Plaintiff has filed fifteen ex parte

5   motions, which the Court now reviews.

6       Plaintiff has filed two motions for immediate injunctive

7   relief. He seeks transfer to a hospital to X-ray a dislocated

8   shoulder he suffered after allegedly being beaten in 2002. This

9   claim was addressed by the Court in Plaintiff's action, <u>Williams v.</u>

10  <u>Runnels</u>, C 04-0782 CW, filed on March 16, 2004. Accordingly, the

11  motions for immediate injunctive relief are DENIED (docket nos. 8,

12  20).

13      Plaintiff has filed two motions asking the Court to recuse

14  itself from presiding over this action. Specifically, Plaintiff

15  maintains that the Court's denial of his federal habeas petition

16  (<u>Williams v. Runnels</u>, C 02-2310 CW) was erroneous and the Court is

17  biased against him. Plaintiff's allegations are legally

18  insufficient to establish that the Court has a personal bias or

19  prejudice against him. Accordingly, the motions for recusal are

20  DENIED (docket nos. 9, 24). <u>See</u> 28 U.S.C. § 144; <u>United States v.</u>

21  <u>$292,888.04 in U.S. Currency</u>, 54 F.3d 564, 566 (9th Cir. 1995)

22  (affidavit inadequate when based on mere conclusory allegations).

23  Plaintiff's motions asking the Court to notify the Ninth Circuit

24  that his conviction should be reversed based on newly discovered

25  evidence are also DENIED (docket nos. 31, 34, 38). Plaintiff

26  should have raised any arguments concerning this Court's ruling on

27  his habeas petition to the Ninth Circuit in his appeal.

28      Plaintiff has filed two motions to award monetary damages.

1    Damages are not available in a FOIA action.  See 5 U.S.C.

2    § 552(a)(4)(B); Gale v. United States Dep't of Justice, 628 F.2d

3    224, 226 n.4 (D.C. Cir. 1980).  Accordingly, these motions are

4    DENIED (docket nos. 14, 32).

5        Plaintiff has filed two discovery motions asking the Court to

6    order the DOJ to provide him with documents.  Access to these

7    documents is the gravamen of Plaintiff's FOIA claim, which has been

8    denied for the reasons set forth above.  Accordingly, these

9    discovery requests are DENIED as moot (docket nos. 11, 21).

10       Plaintiff has filed a motion asking the Court to reconsider

11   that portion of its June 24, 2004, Order dismissing Plaintiff's

12   non-FOIA claims.  Plaintiff has not presented persuasive grounds

13   for reconsideration.  Accordingly, this motion is DENIED (docket

14   no. 12).  See Civil L.R. 7-9.

15       Plaintiff's motions to appoint counsel, to call an expert

16   witness and for leave to proceed in forma pauperis are DENIED as

17   moot (docket nos. 15, 22, 25).

18                              CONCLUSION

19       For the foregoing reasons, Defendants' motion for summary

20   judgment is GRANTED.  (Docket no. 27).  The Clerk of Court shall

21   terminate all pending motions and enter judgment in favor of

22   Defendants.

23       IT IS SO ORDERED.

24   DATED:   2/22/05

25                         /s/ CLAUDIA WILKEN

26                         ──────────────────────────────
                           CLAUDIA WILKEN
27                         United States District Judge

28

United States District Court
For the Northern District of California

9

"Exh B"

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTONIO LUIS WILLIAMS,                    No.  C 05-2002 CW (PR)

      Plaintiff,

     v.

N. ALBONICO, ET AL.,

      Defendants.
_____/

ANTONIO LUIS WILLIAMS,                    No. C 05-4200 CW (PR)

      Plaintiff,                    ORDER CONSOLIDATING AND
                                          TRANSFERRING ACTIONS TO THE
     v.                            UNITED STATES DISTRICT COURT
                                          FOR THE EASTERN DISTRICT OF
DWIGHT WINSLOW, ET AL.,                    CALIFORNIA

      Defendants.
_____/

    Plaintiff Antonio Luis Williams is a prisoner of the State of
California who was incarcerated at Pelican Bay State Prison (PBSP)
when he filed this civil rights complaint. Since June 16, 2005,
however, he has been incarcerated at Tehachapi State Prison, which
is located in Kern County, California.

    In an Order dated December 22, 2004, this Court held that
Plaintiff generally is barred from proceeding in forma pauperis in
federal court under the provisions of 28 U.S.C. § 1915(g).[1]  Both

_____

    [1]The Prison Litigation Reform Act of 1995 (PLRA), which was enacted
on April 26, 1996, provides that a prisoner may not bring a civil action
or appeal a civil judgment under the in forma pauperis provisions of 28
U.S.C. § 1915:

    [I]f the prisoner has, on 3 or more prior occasions, while
    incarcerated or detained in any facility, brought an action or
    appeal in a court of the United States that was dismissed on
    the grounds that it is frivolous, malicious, or fails to state

United States District Court
For the Northern District of California

1   prior to and since the entry of that Order Plaintiff filed actions

2   seeking to compel prison officials at PBSP to provide him with

3   treatment for an injured shoulder from which he has suffered since

4   prison officials used force against him at High Desert State Prison

5   (HDSP) in 2002.  Plaintiff did receive x-rays at PBSP in May, 2004,

6   and the doctor told him that no injury was present.  Because

7   Plaintiff was not allowed to see the x-rays, however, he objected

8   to the doctor's conclusion and continued to seek additional

9   diagnostic procedures and medical care.

10      The Court dismissed Plaintiff's complaints without prejudice

11   because of his conceded failure to exhaust administrative remedies,

12   see, e.g., Williams v. McGrath, C 04-2542 CW, and because he had

13   not made the requisite showing for application of the "imminent

14   danger of serious physical injury" exception to § 1915(g), see In

15   re: Antonio Luis Williams, Nos. C 04-5041 CW, C 04-5255 CW, C 05-

16   0253 CW.  With respect to the imminent danger exception the Court

17   wrote:

18          If Plaintiff maintains that he is in need of immediate
            medical care and is unable to pay the filing fee, he may
19          seek leave to proceed with this claim under § 1915(g)
            PROVIDED that he files a civil rights complaint which
20          asserts ONLY this claim and which names as Defendants
            those individuals at Pelican Bay State Prison who are
21          responsible for denying him medical care and/or who can
            provide him with relief.  If Plaintiff continues to make
22          conclusory allegations about the care to which he
            maintains he is entitled and continues to name the Court,
23          who is not responsible for Plaintiff's medical care, as a
            Defendant, his actions will be dismissed.
24
            The present complaints are duplicative of past actions
25          filed by Plaintiff and do not allege facts which fall
            within the "imminent danger of serious physical injury"
26

27   _____

28      a claim upon which relief may be granted, unless the prisoner
        is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

2

exception to § 1915(g). Accordingly, they will be
dismissed.

Order at 3 (Apr. 27, 2005).

Shortly thereafter, Plaintiff filed the first of his several
complaints, Williams v. Albonico, C 05-2002 CW, in which he repeats
previously raised allegations that PBSP Warden Joe McGrath
conspired with Chief Medical Doctor Dwight Winslow not to treat him
for his shoulder injury in an attempt to obstruct an investigation
by the Department of Justice (DOJ) into the cause of the injury,
and that after he was assaulted at HDSP x-rays were taken of his
shoulder on May 15, 2002, but he was told falsely that they were
negative. He alleged that the imminent danger exception to
§ 1915(g) applied because he was in imminent danger of having
charges filed against him because of complaints he had filed with
the DOJ. It was not until July 22, 2005, when the Court received a
document from Plaintiff entitled "Affadavit [sic] of Witness, of
Injury," that Plaintiff's request for additional medical care for
his shoulder was made clear. By then, Plaintiff had been
transferred to Tehachapi State Prison. Since then, Plaintiff has
continued to file numerous documents in this action, most of them
duplicative, which seek damages from various doctors and injunctive
medical relief from doctors at Tehachapi State Prison.

On October 18, 2005, Plaintiff filed another civil rights
action, Williams v. Winslow, et al., C 05-4200 CW, in which he
seeks damages for allegedly inadequate medical care by PBSP doctors
and injunctive medical relief from doctors at Tehachapi State
Prison.

On November 9, 2005, Plaintiff filed a motion to consolidate

1  the two pending actions.

2      The Court finds that, standing alone, Plaintiff's claims for

3  damages for inadequate medical care do not meet the imminent danger

4  exception to the exhaustion requirement.  But, liberally construed,

5  his claims for injunctive medical relief do.  Therefore, the Court

6  will not dismiss the complaints under § 1915(g).  Because Plaintiff

7  now is incarcerated at Tehachapi State Prison, however, the Court

8  will transfer the complaints to the United States District Court

9  for the Eastern District of California.

10      Accordingly, in the interests of justice, Plaintiff's request

11  to consolidate these actions is GRANTED.  The Clerk of the Court

12  shall CONSOLIDATE the cases into the low case number, C 05-2002 CW,

13  and shall TRANSFER the files forthwith to the United States

14  District Court for the Eastern District of California.  28 U.S.C.

15  § 1406(a).

16

17      IT IS SO ORDERED.

18  DATED: 12/1/05

19

20                        CLAUDIA WILKEN
                          United States District Judge
21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

4

"Exh c"

1

2                    IN THE UNITED STATES DISTRICT COURT

3                    FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6    ANTONIO LUIS WILLIAMS,

7              Plaintiff,                    CV F 05 1560 OWW WMW P

8         vs.                               ORDER RE MOTION
                                            TO AMEND THE COMPLAINT
9    _____     (DOCS 29, 37)

10   DWIGHT WINSLOW, et al.,

11             Defendants.

12

13

14

15           Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42

16   U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28

17   U.S.C. § 636(b)(1).[1]

18           Plaintiff seeks leave to file an amended complaint. Because no defendant has

19   been served and no response has been entered, Plaintiff's motion is granted pursuant to Federal

20   Rule of Civil Procedure 15(a). Plaintiff is advised that he must set forth all of his claims and

21   allegations in the amended complaint. Plaintiff is also advised of the following deficiencies in

22   _____

23           [1]This action was transferred to this court from the U.S. District Court for the Northern
     District of California. The complaint on which this action proceeds seeks damages for allegedly
24   inadquate medical care by doctors at Pelcian Bay State Prison and injunctive medical relief from
     doctors at Tehachapi State Prison. That court found that Plaintiff is ineligible to proceed in forma
25   pauperis on his claims of inadequate medical care. Specifically, Plaintiff had not alleged facts
     suggesting imminent injury. Plaintiff is barred from proceeding ifp pursuant to 28 U.S.C. § 1915(g).

26

                                              1

1  the original complaint.

2        Plaintiff, an inmate in the custody of the California Department of Corrections at

3  CCI Tehachapi, brings this civil rights action against defendant correctional officials employed

4  by the California Department of Corrections. Plaintiff claims that defendants were deliberately

5  indifferent to his medical needs in violation of the Eighth Amendment.

6        Under the Eighth Amendment, the government has an obligation to provide

7  medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir.

8  2000). "In order to violate the Eighth Amendment proscription against cruel and unusual

9  punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id.

10 (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to

11 evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference."

12 First, a court must examine whether the plaintiff's medical needs were serious. See Id. Second,

13 a court must determine whether "officials intentionally interfered with [the plaintiff's] medical

14 treatment." Id. at 1132.

15        Plaintiff's allegations stem from an injury to his shoulder suffered at High Desert

16 State Prison in 2002. Plaintiff names as defendants the following individuals: Dwight Winslow,

17 Chief Medical Officer; Medical Doctor Allen; Nurse K. Marchand; Nurse Kay Vail. It is unclear

18 from the complaint which defendants, if any, are employed at Tehachapi State Prison. Plaintiff's

19 statement of claim consists of two pages of generalized allegations regarding his medical care.

20 Plaintiff refers to "defendants" in general. Plaintiff does not clearly identify the defendants at

21 Tehachapi, nor does he specifically charge such individual with conduct that meets the above

22 standard.

23        The statute under which this action proceeds plainly requires that there be an

24 actual connection or link between the actions of the defendants and the deprivation alleged to

25 have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658

26

1   (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person

2   'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983,

3   if he does an affirmative act, participates in another's affirmative acts or omits to perform an act

4   which he is legally required to do that causes the deprivation of which the complaint is made."

5   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

6            The court finds the allegations in plaintiff's complaint vague and conclusory.

7   The court has determined that the complaint does not contain a short and plain statement as

8   required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy,

9   a complaint must give fair notice and state the elements of the claim plainly and succinctly.

10  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

11  with at least some degree of particularity overt acts which defendants engaged in that support

12  plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ.

13  P. 8(a)(2), the complaint must be dismissed.  The court will, as noted, grant Plaintiff leave to file

14  an amended complaint.

15           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

16  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

17  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

18  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

19  there is some affirmative link or connection between a defendant's actions and the claimed

20  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

21  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

22           In addition, plaintiff is informed that the court cannot refer to a prior pleading in

23  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

24  amended complaint be complete in itself without reference to any prior pleading.  This is

25  because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux

26

3

1  v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

2  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

3  original complaint, each claim and the involvement of each defendant must be sufficiently

4  alleged.

5          In accordance with the above, IT IS HEREBY ORDERED that:

6              1.  Plaintiff's complaint is dismissed; and

7              2.  Plaintiff's motions for leave to file an amended complaint are granted.

8  Plaintiff is granted thirty days from the date of service of this order to file a first amended

9  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

10  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

11  assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended

12  complaint in accordance with this order will result in a recommendation that this action be

13  dismissed.

14

15  IT IS SO ORDERED.

16  **Dated:    November 20, 2006**                    **/s/  William M. Wunderlich**
    mmkd34                                           UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

                                    4

"Exhibit D"
Front / Back

COPY

process.[36] Thus, a prisoner who wants to bring a federal civil rights suit should always file (or at least attempt to file) a CDC 602 administrative appeal through the Director's or Third Level of Review. Prisoners should not delay in filing an appeal or re-filing it to the next level -- CDC regulations require prisoners to submit an appeal within 15 working days of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision. CDC officials may refuse to accept the appeal if the prisoner had the opportunity to file an appeal within the 15-day time limit but failed to do so.[37]

There is also a statute of limitations (time limit) for filing civil rights lawsuits, though the time limit may be extended for some prisoners. For harms that happened on or before December 31, 2002, a lawsuit seeking money damages must generally be filed within one year of the date that the cause of action "accrues."[38] For harms that happen on or after January 1, 2003, the law gives a person two years to file a lawsuit seeking money damages.[39] However, for prisoners serving determinate sentences or life with the possibility of parole, the time limits for filing a civil rights action for damages are "tolled" (or do not begin) for two years.[40] Thus, most prisoners who want to file section 1983 lawsuits for money damages can wait for three years (for suits arising from events prior to January 1, 2003) or four years (for suits arising from events on or after January 1, 2003) before the filing

---

36. Booth v. Churner (2001) 253 U.S. 731 [121 S.Ct. 1819; 149 L.Ed.2d 958; Porter v. Nussle (2002) 534 U.S. 516; 122 S.Ct. 983; 152 L.Ed.2d 12].

37. 15 C.C.R. §§ 3084.3 (c)(6) and 3084.6(c).

38. Former Code of Civil Procedure § 340(3); See Wilson v. Garcia (1985) 471 U.S. 261 [105 S.Ct. 1938; 85 L.Ed.2d 254]; Owens v. Okure (1989) 488 U.S. 235 [109 S.Ct. 573; 102 L.Ed.2d 594]; Harrison v. County of Alameda (N.D. Cal. 1989) 720 F.Supp.783.

Generally, the cause of action "accrues" on the date of the event which caused the injury or the date a person finds out that an injury has been suffered. See generally Code of Civil Procedure § 312.

39. Code of Civil Procedure § 335.1.

40. Code of Civil Procedures § 352.1; Martinez v. Gomez (9th Cir 1998) 137 F.3d 1124 (tolling applies to prisoners serving life with possibility of parole). There is no tolling of the time limit for prisoners sentenced to life without parole. It is not clear whether tolling applies to prisoners serving death sentences.

*Exh 3*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO WILLIAMS,

       Plaintiff,              No. CIV S-07-0932 GEB KJM P

      vs.

N. ALBONICO, et al.,

       Defendants.         <u>FINDINGS AND RECOMMENDATION</u>

_____/

        On June 4, 2007, this court directed plaintiff to show cause why this action should not be dismissed because plaintiff has been barred from filing suit under the three strikes provision of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

        Plaintiff has responded to the order, but the response is difficult to decipher, as is his original complaint. It appears that the gist of this complaint is that plaintiff was assaulted by a correctional officer in 2002 and he has not otherwise shown that he is still in danger from this particular correctional officer. This does not show imminent danger.

        Another part of plaintiff's complaint appears to be based on prison authorities' failure to treat the injury resulting from that assault, a dislocated shoulder. Several of the attachments to the complaint show, however, that he has received surgery to stabilize the shoulder. He has thus pleaded himself out of showing imminent harm based on a denial of

1

*Exh 2*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

1
2
3
4
5
6
7
8
9
10   ANTONIO L. WILLIAMS

11          Plaintiff,                       No. CIV S-07-0932 GEB KJM P

12       vs.

13   H. ALBONICO, et al.,

14          Defendants.                       <u>ORDER TO SHOW CAUSE</u>

15   _____

16          Plaintiff is a state prison inmate proceeding pro se with a civil rights action under

17   42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a). However, before this court grants plaintiff' request to proceed in forma

22   pauperis, plaintiff will be required to show cause why it is appropriate to do so.

23          This case was transferred from the Northern District. In a previous action

24   transferred from the Northern District to the Fresno Division of this court, the Northern District

25   observed that plaintiff had been barred from proceeding in forma pauperis in that court. <u>See</u>

26   <u>Williams v. Winslow</u>, Civ. No. F-05-1560 LJO WMW P. In addition, in <u>Williams v.</u>

1

1  Wunderlich, Civ. No. F-06-1097 OWW DLB,[1] the court dismissed plaintiff's complaint because

2  the defendants plaintiff named were absolutely immune from suit.  Accordingly, it appears that

3  at least four of plaintiff's actions have been dismissed for failure to state a claim.

4          The "three strikes" provision of the PLRA empowers a court to deny in forma

5  pauperis status to a litigant who does not qualify for the "imminent danger" exception of the act

6  and who has had three actions "dismissed on the grounds that [they are] frivolous, malicious, or

7  fail[] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).  An action meets

8  this standard if it is "based on an indisputably meritless legal theory" or its "factual contentions

9  are clearly baseless.  Examples of the former class are claims against which it is clear that the

10  defendants are immune from suit and claims of infringement of a legal interest which clearly

11  does not exist." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (internal citation omitted).

12  Once a prisoner has come within the provisions of the PLRA three strikes provisions, as a

13  general rule he or she must pay the full filing fee of $350.00 at the time a complaint is filed.  28

14  U.S.C. § 1915(g); In re Alea, 286 F.3d 378, 380 (6th Cir. 2002).

15          There is an exception to the three strikes provisions, however.  If a plaintiff's

16  complaint shows he is "under imminent danger of serious physical injury," he may proceed

17  without prepayment of costs.  28 U.S.C. § 1915(g).  "The statute contemplates that the

18  'imminent danger' will exist contemporaneously with the bringing of the action." Abdul-Akbar

19  v. McKelvie, 239 F.3d 307, 313 (3d Cir.), cert. denied, 533 U.S. 953 (2001).  "Imminent" means

20  "about to occur at any moment or [] impending." Id. at 315; see also Oxford English Dictionary,

21  available at http://dictionary.oed.com ("close at hand in its incidence; coming on shortly").

22          Although the basis of the complaint is not entirely clear, it appears that plaintiff is

23  challenging a 2002 assault on him, which occurred at High Desert State Prison, and a failure to

24  treat a dislocated shoulder; the latter claim appears to be the basis of Williams v. Winslow, Civ.

25

26          [1]  The court takes judicial notice of its own records.  Fed. R. Evid. 201(b).

2

1  No. F-05-1560 LJO WMW P.  Although the latter claim may satisfy the imminent danger

2  provision, it is impossible to determine the exact nature of plaintiff's claim based on his

3  pleading.

4           Accordingly, within thirty days of the date of this order, plaintiff is directed to

5  show cause why this action should not be dismissed.  His response to this order should not

6  exceed fifteen pages and should not include attachments or exhibits.  Failure to comply with this

7  order will result in a recommendation that the action be dismissed.

8           IT IS SO ORDERED.

9  DATED: June 1, 2007.

U.S. MAGISTRATE JUDGE

12  2

13  will0932.osc

3

Exh 4

IN THE U.S DISTRICT COURT

FOR EASTERN DISTRICT

ANTONIO L. WILLIAMS

vs

N. ALBONICO ET., AL

CASE NO.

CIV S-07-0932 GEB KJM

MOTION OF OBJECT-
IONS AN RESPON-
SE TO 7-26-07
ORDER OF FIND-
INGS RECOMMEND-
ATION AN ABUSE
OF DINCRETION,
OBSTRUCTING, IN-
TERFERING WITH
PROSECUTION OF
FEDERAL BEAUREAU
INVESTIGATION
AND SUPPRESSING
THIS INFO AND
PROSECUTION OF
COLORABLE CLAIM
UNDER FEDERAL LAW
IN VIOLATION CONTEM
OF

**ORIGINAL
FILED**

AUG 1 0 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT

BY _____ DEPUTY CLERK

PETITIONER COME BEFORE THE COURT
WITH TITLED MOTION OF OBJECT-
IONS TO FINDINGS RECOMMENDATION
OF 7-26-07 ORDER IN THAT THE
JUDGE ABUSED DINCRETION AND WAS
BIAS BY FALSELY STATING THE
ORIGINAL COMPLAINT AND PETITIONER

1.

June 15th, 07 response to order
To show cause by the court 6-4-07
to proceed under informa pauperis
under imminent harms dangers
pursuant 28 u.s.c § 1915 (g), ~~judge~~ a.w
~~mille~~ Mueller is difficult to decir
her judge Mueller is misstating
facts and ignoring to read the
info of his prima facie complaint
into the record and obstructing
the prosecution of his open ongoing
F.B.I investigation of his complaint
assault claim, injuries, colorable
claim under federal law and
refused to utter any of the att=
ached F.B.I documents to his
complaint or motions, moving papers
into the record supporting facts
and requires petitioner under
federal law to proceed informa
pauperis under imminent
harms dangers

2.

PURSUANT 28 U.S.C § 1915 ALONE
As petitioner seeks punitive,
compensatory DAMAGES FOR HIS
INJURIES He'S ENTITLED And covers
Fees, Debts see pro-se prisoner Awarded
$100.000 IN Guard ATTACK 9:13, Henderson
vs MAZURKiEWiCZ, U.S.D.C MD PA, 4:CV-97-25
Further see Exh A Feb 22,07 court order
signed by Judge CLAUDIA WILKEN verify-
ing This petitioner complaint, claim
is a open F.B.I ongoing INVESTIGAT-
igation. "ON JULY 16,06 it was confirm-
ed by orthopedic Dr. J. TANJi petition-
er shoulder was Dislocated AN
ordered surgery To repair see Exh
B EXAM, Dictation report. ON NOV 28,06
prison Authorities TRANsported
PETITIONER FOR THE surgery unbe-
knowst At time prison Authorities
change There Mind on repairing
my Dislocated shoulder And
INTERFERED WITH Dr. TANJi

3.

orders to do so, After surgery
prison authorities lied and sent
petitioner records on his request
form for procedure surgically
done it sent petitioner A document
stating it repaired dislocated should-
er see Exhibits C,D

On JAN 23,07 petitioner refiled this
complaint an at time used Exhibits
C,D to complaint prison Authorities
repaired dislocated shoulder An
After I discovered they hadn't I
wrote letters to Judge of record
see Exhibits E,F Apr 9th, 27th Filed
letters. And wasn't ordered or
Allowed to Amend complaint of
Info And Further was Abuse of
Discretion to dismiss complaint see
2:18, Hudson vs McHugh, 148 F.3d 859 (7th Cir.
1998)→ Also see prisoners Entitled to
entitled w money damages And Injunct-
ive relief under ADA And RA. 2:22, Key
vs Grayson, 998 F.supp. 793 (E.D. Mich. 1998)

4.

Also Here in CDCR M.D DAVID SMITH
FRAUDULENT MEDICAL REPORT Lying
INTERFERING WITH Dr. TANJI SURGICAL
orders To repair Dislocated should-
er inWhich CDCR Dr. DAVID SMITH FAB-
ricated in his surgical report pet-
itioner shoulder NOT Dislocated
see Exh. G surgery report, see Estelle vs
GAMBLE, 429 U.S. AT 105 (INTENTIONALLY INT-
erFering with TReATMENT once prescribed,
LAWSON vs DALLAS CO, 286 F. 3d 257 (5th Cir 2002
FAILure To Follow Medical orders For
CARE OF PARAplegic prisoners) petitioner
CONTEND DEFENDANTS To PROTECT THEM-
selves Are ordering C.D.C Medical STAFF
To NOT TREAT or Acknowledge Dislocat-
ed shoulder. "petitioner Was Told by
F.B.I AGENT B. ATKINSON Told petitioner
To File complaint see Exh H Letter of.

           Foregoing Relief of:
petitioner request The court by This
motion To reverse Finding Recommend-
ation And or GRANT petitioner Leave To
Amend complaint, Which Will Further prev-
ent unnecessary refile.

Respectfully submitted

DATed:            I Declare under
                  PENALTY OF PERJURY
                  ALL True.

                      5.                    Ontario williams

"Exh A"

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORIGINAL
FILED

FEB 2 2 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIF.
OAKLAND

ANTONIO LUIS WILLIAMS,

Plaintiff,

v.

DIRECTOR OF DOJ, JOHN ASHCROFT,
ET AL.,

Defendants.

No. C 04-1329 CW (PR)

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
AND TERMINATING ALL PENDING
MOTIONS

(Docket nos. 27, 8, 9, 11, 12,
14, 15, 20, 21, 22, 24, 25,
31, 32, 34, 38)

INTRODUCTION

Plaintiff Antonio Luis Williams, a State prisoner incarcerated at Pelican Bay State Prison (PBSP), filed this civil action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, requesting the Court to enjoin Defendants, officials of the Department of Justice (DOJ), from denying him access to documents which will prove that he is innocent of the crimes for which he was convicted.[1]  The Court directed Defendants to respond to the complaint.  Now pending is Defendants' motion for summary judgment, which has been briefed fully by the parties.  For the reasons discussed below, the Court GRANTS the motion for summary judgment.

STANDARD OF REVIEW

Summary judgment is properly granted when no genuine and disputed issues of material fact remain and when, viewing the evidence most favorably to the nonmoving party, the movant is

_____

[1]This Court denied on the merits Petitioner's federal petition for a writ of habeas corpus challenging the constitutional validity of his conviction.  See Williams v. Runnels, 02-2310 CW (Order Denying Petition for a Writ of Habeas Corpus, Mar. 4, 2004).  Petitioner appealed that ruling to the Ninth Circuit.  On January 18, 2005, the Ninth Circuit affirmed the judgment of the District Court.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1   clearly entitled to prevail as a matter of law.  Fed. R. Civ. P.

2   56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986);

3   Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir.

4   1987).

5        The moving party bears the burden of showing that there is no

6   material factual dispute.  Material facts which would preclude

7   entry of summary judgment are those which, under applicable

8   substantive law, may affect the outcome of the case.  The

9   substantive law will identify which facts are material.  Anderson

10  v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Where the moving

11  party does not bear the burden of proof on an issue at trial, the

12  moving party may discharge its burden of showing that no genuine

13  issue of material fact remains by demonstrating that "there is an

14  absence of evidence to support the nonmoving party's case."

15  Celotex, 477 U.S. at 325.  The burden then shifts to the nonmoving

16  party, who must go beyond the pleadings and, by its own affidavits

17  or discovery, "set forth specific facts showing that there is a

18  genuine issue for trial."  Fed. R. Civ. P. 56(e).  A complete

19  failure of proof concerning an essential element of the nonmoving

20  party's case necessarily renders all other facts immaterial.

21  Celotex, 477 U.S. at 323.  For purposes of summary judgment the

22  court must regard as true the opposing party's evidence, if

23  supported by affidavits or other evidentiary material.  Celotex,

24  477 U.S. at 324; Eisenberg, 815 F.2d at 1289.

                              BACKGROUND.

25

26       The following statement of facts is undisputed unless

27  otherwise noted, and is taken from the allegations in Plaintiff's

28  verified complaint and the declarations and evidence submitted by

United States District Court

For the Northern District of California

1    the parties in support of and in opposition to the motion for

2    summary judgment.

3        In February, 2000, Plaintiff sent what he refers to as a

4    "corruption complaint" against the Oakland Police Department to

5    John Ashcroft at the DOJ.  In January, 2001, he sent a copy of a

6    September, 2000, complaint to President Bush, informing him that

7    DOJ officials had taken no action.  Plaintiff received a letter

8    from the DOJ dated February 26, 2001.  The letter was from the

9    Special Litigation Section of the Civil Rights Division (CRD).  It

10   informed Plaintiff that the CRD's authority does not extend to

11   investigating individual grievances and suggested that Plaintiff

12   consider contacting a private attorney.  See Hermilla Decl. in

13   Support of Motion for Summary Judgment, Ex. B.  The letter was

14   assigned DOJ file number 168-11E-0/125981.

15       Thereafter, Plaintiff submitted a FOIA request to the DOJ

16   asking for all information and documents contained in DOJ file

17   number 168-11-E-0/125981.  The CRD received the request on July 5,

18   2002, and the FOI/PA Branch of the CRD received the request on

19   March 7, 2003.  See id., Ex. A.  In response to the request, the

20   FOI/PA Branch searched to locate responsive records and determined

21   that, other than the February 26, 2001, letter from the Special

22   Litigation Section, the CRD had no responsive documents.  This

23   determination was confirmed by the fact that Plaintiff's February

24   26, 2001, letter had a "0" file number, which indicated that no

25   investigation was opened and that any records in the "0" file would

26   have been destroyed in accordance with the National Archives and

27   Records Administration records retirement schedule.

28       In a letter dated August 13, 2003, the Chief of the FOI/PA

                                    3

United States District Court
For the Northern District of California

1  Branch explained to Plaintiff that no documents existed within DOJ

2  file 168-11E-0 and informed him of his appeal rights.  On September

3  5, 2003, Plaintiff sent an appeal to the DOJ Office of Information

4  and Privacy.  In a letter dated November 26, 2003, that office

5  affirmed the CRD's actions.

6       Plaintiff filed this action on April 6, 2004.  In an Order

7  dated June 24, 2004, the Court directed Defendants to respond to

8  the complaint.  Upon receiving the Court's Order, the FOI/PA Branch

9  learned for the first time of letters that Plaintiff had sent to

10 Tamara Miller, the former Deputy Chief of the Criminal Section.

11 The FOI/PA Branch then conducted additional FOIA searches--both

12 manual and computer-based--to determine if there were any further

13 responsive documents.  The FOI/PA Branch's additional searches

14 revealed that the Criminal Section had opened a file and sent

15 information relating to Plaintiff's allegations to the Federal

16 Bureau of Investigation (FBI).  The FOI/PA Branch's additional

17 inquiry also revealed that the Criminal Section's file on the

18 matter is an open investigation.

19      In a letter dated September 3, 2004, the FOI/PA Branch

20 informed Plaintiff that he might wish to contact the FBI to request

21 any documents relating to his allegations.  In addition, on

22 September 14, 2004, the FOI/PA Branch produced eighteen pages of

23 responsive documents relating to the Criminal Section's open

24 investigation, but withheld fourteen pages of documents under

25 various provisions of the FOIA.  Specifically, the CRD denied

26 Plaintiff access to attorney e-mails and other notes regarding its

27 investigation of Plaintiff's allegations, pursuant to 5 U.S.C.

28 § 552(b)(7)(A), on the ground that disclosure thereof could

4

GER170

1  reasonably be expected to interfere with ongoing law enforcement

2  proceedings.  The CRD also denied access to these records pursuant

3  to 5 U.S.C. § 552(b)(5), on the ground that the records contain

4  attorney work product and pre-decisional deliberative materials,

5  and pursuant to 5 U.S.C. § 552(b)(7)(C), on the ground that

6  disclosure thereof could reasonably be expected to constitute an

7  unwarranted invasion of the personal privacy of witnesses,

8  interviewees and/or targets.  Plaintiff did not file an appeal

9  regarding the September 14, 2004, response to his request.

                         DISCUSSION

10

11      The FOIA mandates a policy of broad disclosure of government

12  documents when production is properly requested of an agency.  See

13  5 U.S.C. § 552(a).  The FOIA obligates the government to produce

14  documents within its "possession or control."  See Kissinger v.

15  Reporters Comm. for Freedom of Press, 445 U.S. 136, 150-51 (1980).

16  If a government agency claims that it does not possess or control a

17  requested document, the agency must show it fully discharged its

18  statutory obligations by conducting a search reasonably calculated

19  to uncover all relevant documents.  See Urban v. United States, 72

20  F.3d 94, 95 (8th Cir. 1995); Weisberg v. United States Dep't of

21  Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983).  The issue to be

22  resolved is not whether there might exist any other documents

23  possibly responsive to the request, but rather whether the search

24  for those documents was adequate.  The adequacy of the search, in

25  turn, is judged by a standard of reasonableness and depends upon

26  the facts of each case.  See Zemansky v. EPA, 767 F.2d 569, 571

27  (9th Cir. 1985).

28      An agency may withhold a requested document only if it falls

United States District Court
For the Northern District of California

5

United States District Court

For the Northern District of California

1  within one of nine statutory exemptions to the disclosure

2  requirement.  See Dobronski v. FCC, 17 F.3d 275, 277 (9th Cir.

3  1994) (citing 5 U.S.C. § 552(b)).  The FOIA establishes federal

4  district court jurisdiction to conduct de novo review of agency

5  decisions to deny requested access to agency records.  Jurisdiction

6  is dependent upon a showing that an agency has (1) improperly (2)

7  withheld (3) agency records.  See Kissinger, 445 U.S. at 150.

8  "Judicial authority to devise remedies and enjoin agencies can only

9  be invoked, under the jurisdictional grant conferred by § 552, if

10  the agency has contravened all three components of this

11  obligation."  Id.

12      The FOIA requires that administrative appeals be exhausted

13  before suit may be brought in federal court.  See Hymen v. Merit

14  Systems Protection Bd., 799 F.2d 1421, 1423 (9th Cir. 1986), cert.

15  denied, 481 U.S. 1019 (1987).  Failure to do so is grounds for

16  dismissal for lack of subject matter jurisdiction.  Id.

17      Defendants argue that Plaintiff's complaint must be dismissed

18  as moot because the CRD FOI/PA Branch has provided him with

19  eighteen pages of responsive documents and he has not challenged

20  that decision.  Defendants also assert that any challenge to their

21  withholding of fourteen pages of exempt documents under 5 U.S.C.

22  §§ 552(b)(7)(A), (b)(5) and (b)(7)(C) must be dismissed because

23  Plaintiff has not exhausted his administrative remedies.

24      The Court agrees with Defendants' assessment.  An action to

25  compel the production of documents under the FOIA is mooted when

26  the agency in control of the requested documents delivers them to

27  the plaintiff.  See Carter v. Veterans Admin., 780 F.2d 1479, 1481

28  (9th Cir. 1986).  Dismissal is then warranted.  See id.  This is so

United States District Court

For the Northern District of California

1   even if the documents are provided after the Plaintiff has filed
2   suit in district court, and notwithstanding the agency's initial
3   provision of erroneous and incomplete information to the Plaintiff.
4   Id.; see also Papa v. Untied States, 281 F.3d 1004, 1013 (9th Cir.
5   2002) (production of all nonexempt material, however belatedly,
6   moots FOIA claims). Here, Plaintiff's complaint sought to enjoin
7   Defendants from withholding documents responsive to his FOIA
8   request. Since the complaint was filed Defendants have provided
9   Plaintiff with all responsive material which they claim is
10  nonexempt. Plaintiff has not challenged this decision by way of an
11  agency appeal and his opposition to Defendants' motion for summary
12  judgment does not address Defendants' argument. Accordingly,
13  because the agency has provided Plaintiff with all responsive
14  nonexempt documents in its possession and Plaintiff has not
15  challenged this decision, his request for Court action is moot.
16      To the extent Plaintiff is dissatisfied with Defendants'
17  response to his FOIA request and seeks access to the documents
18  which Defendants claim are exempt, he must exhaust all DOJ CRD
19  FOI/PA administrative remedies before pursuing such claim in
20  federal court. In his September 14, 2004, letter to Plaintiff,
21  Nelson Hermilla, Chief of the CRD, tells Plaintiff how he can
22  appeal the CRD's decision.
23      Plaintiff has failed to raise a triable issue of fact with
24  respect to whether his claim that Defendants have failed to provide
25  him with responsive documents is moot. He also has failed to raise
26  a triable issue of fact with respect to whether he has exhausted
27  administrative remedies in response to Defendants' refusal to
28  provide him with certain documents. Accordingly, summary judgment

7

United States District Court
For the Northern District of California

1  is GRANTED to Defendants on the grounds of mootness and

2  nonexhaustion of administrative remedies.

3                     PLAINTIFF'S PENDING MOTIONS

4       Since June 28, 2004, Plaintiff has filed fifteen ex parte

5  motions, which the Court now reviews.

6       Plaintiff has filed two motions for immediate injunctive

7  relief.  He seeks transfer to a hospital to X-ray a dislocated

8  shoulder he suffered after allegedly being beaten in 2002.  This

9  claim was addressed by the Court in Plaintiff's action, Williams v.

10 Runnels, C 04-0782 CW, filed on March 16, 2004.  Accordingly, the

11 motions for immediate injunctive relief are DENIED (docket nos. 8,

12 20).

13      Plaintiff has filed two motions asking the Court to recuse

14 itself from presiding over this action.  Specifically, Plaintiff

15 maintains that the Court's denial of his federal habeas petition

16 (Williams v. Runnels, C 02-2310 CW) was erroneous and the Court is

17 biased against him.  Plaintiff's allegations are legally

18 insufficient to establish that the Court has a personal bias or

19 prejudice against him.  Accordingly, the motions for recusal are

20 DENIED (docket nos. 9, 24).  See 28 U.S.C. § 144; United States v.

21 $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995)

22 (affidavit inadequate when based on mere conclusory allegations).

23 Plaintiff's motions asking the Court to notify the Ninth Circuit

24 that his conviction should be reversed based on newly discovered

25 evidence are also DENIED (docket nos. 31, 34, 38).  Plaintiff

26 should have raised any arguments concerning this Court's ruling on

27 his habeas petition to the Ninth Circuit in his appeal.

28      Plaintiff has filed two motions to award monetary damages.

                                  8

1   Damages are not available in a FOIA action.  See 5 U.S.C.

2   § 552(a)(4)(B); Gale v. United States Dep't of Justice, 628 F.2d

3   224, 226 n.4 (D.C. Cir. 1980).  Accordingly, these motions are

4   DENIED (docket nos. 14, 32).

5        Plaintiff has filed two discovery motions asking the Court to

6   order the DOJ to provide him with documents.  Access to these

7   documents is the gravamen of Plaintiff's FOIA claim, which has been

8   denied for the reasons set forth above.  Accordingly, these

9   discovery requests are DENIED as moot (docket nos. 11, 21).

10        Plaintiff has filed a motion asking the Court to reconsider

11   that portion of its June 24, 2004, Order dismissing Plaintiff's

12   non-FOIA claims.  Plaintiff has not presented persuasive grounds

13   for reconsideration.  Accordingly, this motion is DENIED (docket

14   no. 12).  See Civil L.R. 7-9.

15        Plaintiff's motions to appoint counsel, to call an expert

16   witness and for leave to proceed in forma pauperis are DENIED as

17   moot (docket nos. 15, 22, 25).

18                              CONCLUSION

19        For the foregoing reasons, Defendants' motion for summary

20   judgment is GRANTED.  (Docket no. 27).  The Clerk of Court shall

21   terminate all pending motions and enter judgment in favor of

22   Defendants.

23        IT IS SO ORDERED.

24   DATED:  2/22/05

25                         /s/ CLAUDIA WILKEN

26                         CLAUDIA WILKEN
                           United States District Judge
27

28

United States District Court
For the Northern District of California

9