

# UCDAVIS
## HEALTH SYSTEM
### TELEMEDICINE

July 19, 2006

RE: WILLIAMS, ANTONIO
MR#: 1827333
DOB: 12/26/1963
Date of Service: 07/19/2006
CDC#: J05660

Harold Tate, M.D.
California Correctional Institute
P.O. Box 1031
Tehachapi, CA 93581

Dear Dr. Tate:

Thank you very much for requesting a consultation on behalf of Antonio Williams, whom I had the pleasure of seeing in Orthopedic Telemedicine Clinic.

**History Of Present Illness:**
As you know, Mr. Williams is a right-handed gentleman who in 2002 suffered a severe traumatic right shoulder glenohumeral dislocation. The shoulder was dislocated with a dead-arm syndrome, numbness, tingling, and weakness in the arm. Since that time, he has had recurrent episodes of shoulder dislocation, more than five occasions. When it does happen, his arm tends to be weak and numb. He has pain at night, pain worse while trying to sleep or turn on that side. Pain is worse with any impingement maneuvers. He has had an x-ray which is within normal limits and an MRI showing tendinopathy within supraspinatus tendon and minimal AC joint hypertrophy. At this stage, he willing to discuss a shoulder stabilization procedure.

**Past Surgeries:**
1.   Status post jaw fracture.

**Medical Illnesses:**
1.   Hypertension.
2.   Gastroesophageal reflux disease.

**Medications:**
Ranitidine, triamterene, hydrochlorothiazide, Naprosyn.

**Allergies:**
None known.

**Family History:**
Noncontributory.

**Social History:**
He is incarcerated.

**Review Of Systems:**
I refer you to the paper medical record.

**Physical Examination:**

RE: WILLIAMS, ANTONIO
MR#: 1827333

Page 2

On physical examination, he is an alert, cooperative gentleman in no acute distress. Gait and posture are normal. His arms are in restraints. Unfortunately, because of security clearance the restraints could not be removed and I could not perform a standard physical examination.

The MRI and x-ray results are as above.

Assessment:
Right shoulder glenohumeral dislocation, recurrent by history. Evaluation limited by the inability to do a physical examination because of restraints due to security clearance.

Plan:
I am recommending that Mr. Williams be evaluated for a capsular stabilization procedure. I realize that my recommendation is limited by the constraints of being unable to do a physical examination, but I feel it is quite reasonable given his history.

The patient was educated in the impression and the plan of care.

Thank you very much for your kind request for consultation.

Sincerely yours,

JEFFREY L TANJI, MD
ASSOCIATE MEDICAL DIRECTOR
DIVISION OF UCDHS PRIMARY CARE NETWORK
DEPARTMENT OF SPORTS MEDICINE
THIS WAS ELECTRONICALLY SIGNED - 07/21/2006 1:15 PM PST BY:

JLT:js(ml006)

D:      07/19/2006 08:49 AM
T:      07/20/2006 02:32 PM
C#:     2001149

"*Exh A*"

STATE OF CALIFORNIA                                                                          DEPARTMENT OF CORRECTIONS

## HEALTH CARE SERVICES
## PHYSICIAN REQUEST FOR SERVICES
(To be completed by requesting Physician and forwarded to Utilization Management Unit)

| PATIENT NAME WILLIAMS, ANTONIO | CDC NUMBER J 05660 | INSTITUTION CCI-4B |
|---|---|---|

| DATE OF BIRTH 12/26/63 | EPRD DATE LIFE | GENDER M/F |
|---|---|---|

| PRINCIPLE DIAGNOSIS (R) SHOULDER PAIN | ICD - 9 CODE | CPT CODE(S) |
|---|---|---|

| REQUESTED SERVICE(S) ORTHO CONSULT - TELEMED | # OF DAYS RECOMMENDED |
|---|---|

*Please circle all that apply:*  Diagnostic Procedure/Consultation          Outpatient/Inpatient          Initial/Follow-up

Requested Treatment/Service is:     EMERGENT     (URGENT)     ROUTINE

*For the purpose of retrospective review,* if emergent or urgent, please justify: _____

Proposed Provider: Dr. Amin _____  Anticipated Length of Stay: _____

Expected disposition (i.e.: outpatient follow-up, return to institution, transfer): _____

Medical Necessity (*briefly describe the clinical situation, the history of the illness, treatments used, pertinent lab and imaging studies, or questions for the consultant):* 41 y/o AA (R) has recurrant pain (R) shoulder c̄ anterior protrudence. injury dated 5/14/2002 - at IH OSURG S.P.

Estimated time for service delivery, recovery, rehabilitation and follow-up: _____

Summary of preliminary or diagnostic work up, conservative treatment provided (if applicable, please provide TB code, CD4, viral load, albumin, total protein and dates within last 3 months): _____

Comments (diagrams, risk factors, prognosis, alternative management, etc.): MRI pending - forgoe D/m 41 to MARC

| REQUESTING PHYSICIAN PRINTED NAME W. O'BRIEN MD | APPROVED / AUTHORIZED / DENIED / DEFERRED BY Ruy MARC 8/4/05 (N) | DATE 7/27/05 |
|---|---|---|

| REQUESTING PHYSICIAN SIGNATURE W. O'Brien MD | DATE 7/25/05 | Utilization management tracking #: J0506030R0270 |
|---|---|---|

| DATE OF CONSULTATION 5-2-06 A/S-TM @QBxR 7/19/06 | PRINTED NAME OF CONSULTANT Dr. Amir    TANJI |
|---|---|

FINDINGS: _____

Surgical rec.

RECOMMENDATIONS: _____  X-ray / FU → to recd by Dr VO. error

FOLLOW-UP OR FURTHER EVALUATIONS REQUESTED: Awaiting dictations!

| CONSULTANT SIGNATURE DR TANJI via telemed | DATE 7/19/06 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH Received in TM 8/8 Faxed to HCSD 8/8 |
|---|---|---|
| ETA RN SIGNATURE CFERRO telemed | DATE 7/19/06 | To UM 8/23 |
| PCP SIGNATURE W. O'Brien MD | DATE 8/16/06 | WILLIAMS, ANTONIO |

Attach Progress Note page for additional information
**THIS FORM MUST BE RETURNED WITH THE PATIENT!!!**

J 056 60

12/26/63

to schedule 8/23 (N)

To TM 12/6/05

DISTRIBUTION:
ORIGINAL - FILE IN UHR
GREEN    - TO UHR PENDING ORIGINAL
CANARY   - CONSULTANT
PINK     - UM
GOLD     - SPECIALTY SCHEDULER

RECEIVED AUG 2 4 2005

CDC 7243 (Rev. 11/03)

Exh C

PC

F47943.

STATE OF CALIFORNIA
A-22 (8/92)

## INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 12-6-06 | Medical Records | WILLIAMS. A | J05660 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER | |
|---|---|---|---|---|
| 8-A-206 | | | FROM | TO |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS | |
|---|---|---|
| | FROM | TO |

### Clearly state your reason for requesting this interview.
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I'M requesting A copy of 11-28-06 Dated surgical, Arthroscopy Diagnosis procedure Done At corcoran District Hospital + A copy of 5-14-02 Dated 7219 Medical report by High Desert prison

| INTERVIEWED BY | | DATE |
|---|---|---|

DISPOSITION    Sent 12-11-06

Exh. B

# CORCORAN DISTRICT HOSPITAL
### 1310 HANNA AVE., CORCORAN, CA 93212
# PHYSICIAN'S ORDERS

NAME: Williams, Antonio J05660

ROOM N (ADDRE):

HOSP. N: 111462   RM-       048368      P/T-O/P
WILLIAMS A  J05660 ANT  M   42
PHYSICI:  SMITH DAVI
EXP 11/28/06   B/D 12/26/63

ROOM #: 1/2c

AGE 42   WEIGHT 213   SEX M

DRUG ALLERGIES: NKDA

Date & Time

1/28/56
0600

Admit To ACS Surgery: Services of Dr. David Smith

DX: (RT) Shoulder Dislocation

Consent For: Anterior Capsular Repair (RT) shoulder

Under General Anesthesia

NPO
IV LR @100 cc/hr via Anesthesia Tubing
X    Avoid LT/RT ARM IV or Arm Bands
X    Ancef 1 GM IVPB upon call to OR. If allergic to Ancef, give either
     Cipro 400mg or
     Levaquin 500mg IVPB
Patient in custody from ___ CSP-SATF ___ CSP-Corcoran X CSP- CCI - Tehachapi
Labwork and x-rays to be brought from prison, or obtained STAT/ASAP upon admit if
unavailable. CBC, PT, PTT, P-14, EKG if 40 years or over, obtain CXR only if smoker or
adverse lung conditions. If diabetic, do F.S. blood sugar upon admit.

Surgery orders Dr. David Smith/ Sandula RN

noted 11/28/06  1000  Sandura

David G. Smith, MD

Exh F

IN THE U.S DISTRICT
FOR NORTHERN CALIFORNIA

ORIGINAL
FILED
APR 27 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ANTONIO L. WILLIAMS
VS
N. ALBONICO ET, AL

CASE NO.
C07-0421

Letter To
Judge Wilken
To Call Federal
Receiver over
C.D.C Medical
Robert Sillen
For Investigation:

ON APR 1st 07 I SENT KNOWN
Addressed Legal, Confidential
MAIL TO COURT Appointed Federal
Receiver Robert Sillen 1731
Technology Dr. Suite 700 San Jose,
Calif 95110 Phone number (408) 436-6800
Attached of a Trust withdrawl
Form For MAIL postage Due to
Indigency and sent to Mailroom
For Mailing per Title 15§3141 per
confidential MAIL, On APR 2,07 MAIL-
Room SEARgANT J. Culpepper and
or It's Mailroom supervisor Elva
Atencio Return This MAILing
citing Fraudulently and by
perJury Returned This Mailing
And wrote on The Trust withdrawl
Form Not Legal MAIL And Refused
To MAIL It under Indigency An

1  NOTED OF FUNDS IN ACCOUNT SEE EXH

2  1 ON APR 2, 07 I SENT BACK TO

3  MAILROOM by 2ND WATCH HOUSING

4  OFFICER C/O MILES RETURNED ADDRESS

5  ED LEGAL, CONFIDENTIAL MAIL TO FED-

6  ERAL RECEIVER ROBERT SILLEN ATTACHED

7  AND PLACED ON THIS MAILING WAS

8  20 STAMPS FOR POSTAGE COVERAGE

9  ALSO ATTACHED TO MAILING WAS

10 A INMATE 602 APPEAL FORM TO MAIL-

11 ROOM SUPERVISOR E. ATENCIO IN WHICH

12 I WAS APPEALING THE RETURNING

13 OF THE LEGAL MAILING OF TO FEDERAL

14 RECEIVER ROBERT SILLEN AN REQUEST-

15 ED THIS LEGAL MAIL be PROCESSED

16 AS NO AND MAILED THE APPEAL

17 WENT IGNORED AN NOT RETURNED TO

18 ME, ON APR 10, 07 I SENT A REQUEST

19 FORM TO MAILROOM SEARGANT J. CULPEPPER

20 FOR A COPY OF THE LEGAL MAIL OUT-

21 GOING PRINTOUT SHOWING IT WAS SENT,

22 MAILED TO FEDERAL RECEIVER ROBERT

23 SILLEN AND MAIL SGT. J. CULPEPPER IS

24 IGNORING, REFUSING TO DO SO AND

25 CONTEND THE MAILING TO FEDERAL

26 RECEIVER ROBERT SILLEN WAS WITH-

27 HELD FROM being MAILED ON

1   orders From the warden admin

2   to obstruct, prevent From notify

3   ing Federal Receiver Robert Sillen

4   THAT AFTER 4½yrs prison Authorit-

5   ies jot me ALL THE WAY To oper-

6   ATing TAbLe IGNored Dr. orders

7   CHANGed There Mind on surgically

8   repairing My DisLocated shoulder

9   AbANdoNINg to do so to IGNite Fur-

10  Ther cruel unusual punishment,

11  PAIN suffering As hesNow been with-

12  out TREATMENT For His DisLocated

13  shoulder 5yrs And A court order

14  picture of shoulder will verify Bone

15  protrusion on Right shoulder, plAINT-

16  iFF Letter, Documents Are ImportANt

17  And requires A response And As

18  plAINTIFF requested AssistANce

19  INTERVENTION For His guArANTeed

20  Right To hAVe His DisLocated

21  shoulder surgically repAired

22  And His position goes to the

23  core And heArT of chANging

24  And correcting MedicAL neglig-

25  ence, Abuses. FederAL Receiver

26  Robert sillen is AppoiNTed

27  by u.s DistRict court Judge



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

1  Thelton Henderson For Northern
2  California To oversee corrective
3  plans changes intervention policies
4  Plaintiff sent Federal Receiver info
5  court filed materials pending in U.S.D.C.
6  Eastern District in WI.

25
26  I declare under
27  penalty of perjury
   Dated:  all true

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
10924

Ontonio Williams

Exh E

IN THE U.S DISTRICT FO
THE NORTHERN CALIFORNIA

ORIGINAL FILED
APR - 9 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

| ANTONIO L. WILLIAMS | CASE NO. C07-0421 |
| VS | LETTER/AFFAD- |
| N. ALBONICO ET, AL | AVIT TO AS- |
| | igned Judge |
| | WILKEN |

PLAINTIFF COME BEFORE THE COURT
WITH LETTER AFFADAVIT TO JUDGE
WILKEN AS THIS INFO IS APART OF
THIS ACTION BEFORE THE COURT AN
ACTED UPON CONSIDERED AN ALSO
TAKEN IN ACCOUNT IN GRANTING
MOTION FOR SETTLEMENT CONFERENCE
WITH ASSIGNED JUDGE AND IN SETTL-
ING THIS OVERDUE CASE PENDING
ON FEB 22, 05 IN WILLIAMS VS J.ASH-
CROFT OF D.O.J CASE NO. C04-1329 THIS
SAME COURT, JUDGE DISMISSED THIS
ACTION STIPULATING IN THE ORDER
ON P9? LINES 10-22 THAT I DIDN'T
APPEAL FOR INVESTIGATIVE RECORDS INFO
ETC PERTINENT EXCESSIVE FORCE AND DID
'NT EXHAUST REMEDIES ~~~~~~~~ WAS OVER
LOOKED AND ACTED ERRORED IN GRANT-
ING THE MOTION FOR SUMMARY JUDGE-

MENT SEE Exh A Feb 22, 05 COURT
ORDER, PLAINTIFF DID APPEAL AND
SUBMITTED A Feb 15, 05 FILED AFF-
ADAVIT ENCLOSED IN EXHIBIT 8 THERE-
IN WHICH IS A JAN 18, 05 LETTER FROM
U.S. D.O.J F.O.I A CO DIRECTOR RICHARD
L. HUFF VERIFYING I DID APPEAL AND
HE CLOSED FILES BECAUSE I FILED
THE THEN PENDING COMPLAINT AGAINST
Dept. OF JUSTICE SEE Exh 8 AFFADAV-
IT FILED Feb 15, 05 ENC JAN 18, 05
SAID LETTER MARKED THEREIN AS
EXHIBIT 8 "PLAINTIFF STATES HE'S
STILL WITHOUT TREATMENT TO
REPAIR HIS DISLOCATED SHOULDER
AS PRISON AUTHORITIES TRANSPORT-
ED PLAINTIFF TO CORCORAN PRISON
HOSPITAL FOR SURGERY ON ORTHOPEDIC
DR. TANJI RECOMENDED AS REQUIRED
BEFORE I ENTERED THE OPERATING
ROOM THE PRISON SURGEON DR. SMITH
CHANGED HIS MIND ON C.D.C
ORDERS OF INTERFERENCE TO IGNITE
FURTHER CRUEL UNUSUAL PUNISHMENT
TO REPAIR DISLOCATED SHOULDER
HAD PLAINTIFF SIGNED ANOTHER

MEDICAL SURGERY CONSENT FORM
AFTER SIGNING ONE TO REPAIR DISLOC-
ATED SHOULDER TO REEXAM UNDER
GENERAL ANESTHIA / POSSIBLE SHOULDER
REPAIR THIS INFO IS SUPPORTED BY
FACTS, DOCUMENTS INCLUDING NOT TAK-
REFUSING TO TAKE ME BACK FOR THE
TWO WEEK FOLLOW UP APPOINTMENT
ATTACHED TO A CITIZEN'S COMPLAINT
FEDERAL INQURY GRAND JURY COMPLAINT
DATED A COMPLAINT AGAINST ATTY GEN, WAR
3-8-07
CHIEF MEDICAL OFFICER ADDRESSED TO
FEDERAL GRAND JURY AT FEDERAL BUILD-
ING OF FRESNO, CALIF AN WAS SENT FOR MAI
SEE EXHIBIT C
ING TO PRISON MAILROOM FOR MAILING
I NEVER RECEIVED REQUIRED ACKNOWLED
MENT LETTER FROM GRAND JURY AND
CONTEND PRISON MAIL SERGENT J. CULPE
MAILROOM SUPERVISOR E. ATENCIO WITH
IT FROM BEING MAIL ON FACILTY WAR
W.J. SULLIVAN ORDERS AS MAILROOM SU
VISOR E. ATENCIO IS IGNORING, REFUSING
SEND INMATE PRINTOUT OF MAILING
LEGAL
BE MAILED.

I DECLARE UNDER
PENALTY OF PERJURY
ALL TRUE.

DATED:                                          Ontonio u



**U.S. Department of Justice**

 Federal Bureau of Investigation

In Reply, Please Refer to
File No.

450 Golden Gate Avenue
San Francisco, CA 94102-9523

December 13, 2004

Antonio Luis Williams, J-05660
Pelican Bay State Prison, A-2-232
P.O. Box 7500
Crescent City, CA  95814

Dear Mr. Williams:

This letter is in reference to your letter postmarked April 5, 2004, addressed to the Sacramento FBI Office.  Your letter has been forwarded to this division.

It is suggested you utilize your institution's existing grievance procedures and/or seek the assistance of your staff counselor, to try to obtain assistance.  If those efforts prove unsuccessful and you have a colorable claim under federal law, you may consider filing a civil rights complaint in U.S. District Court for the Northern District of California, pursuant to provisions of Title 42, U.S. Code, Section 1983.  You can write to the Clerk of the Court for that court to request a form and instructions for filing such a complaint.

Very truly yours,

MARK J. MERSHON
Special Agent in Charge

By:
BRENDA M. ATKINSON
Acting Supervisory
Special Agent

Exh 5

**ORIGINAL FILED**

AUG 1 0 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE U.S DISTRICT
FOR THE EASTERN DISTRICT

ANTONIO L. WILLIAMS
VS
N. ALGONICO ET, AL

CASE NO.

CIVS-07-0992 GEB KJM

AFFADAVIT OF
OBJECTION
PROSECUTION
OF COLORABLE
CLAIM UNDER
FEDERAL LAW AN
TOLL STATUE OF
LIMITATIONS

PETITIONER COME BEFORE THE COURT WITH
OBJECTIONS TO THE REFUSAL, DELAYS
OBSTRUCTION OF AND TO PROSECUTE HIS
ASSAULT, EXCESSIVE FORCE COMPLAINT
BY ABUSED DISCRETION RULINGS, DISREGARD
JUDICAL ANGER AN INTERFERENCE IN LIEU
OF PLEADING PHYSICAL INJURY UNTREAT-
ED OF FIVE YEARS AND APART OF U.S. D.O.J
OPEN INVESTIGATION PETITIONER PLEAD
THIS INFO ON RECENT RULINGS BY JUDGES
W. WUNDERLICH, K. MUELLER SEE EXH A LETTER
FILED JULY 6 07 AND EVENT OF FURTHER OB-
STRUCTION AN POSSIBLE REFILE AND OR JUDICAL
MISCONDUCT COMPLAIN TO REVIEW OF NO JO UN-
CORRECTED TIMES TOLLED SEE CONCEALMENT OF INFO
TOLLS STATUTE OF LIMITATIONS, 10:19. BLANKIEWICZ
VS. COUNTY OF SUFFOLK, 29 F.SUPP. 2d 134 (ED NY 1998)

I DECLARE UNDER
PENALTY OF PERJURY
ALL TRUE.

DATED: 8-5-07                                    Antonio williams

Exh A

IN THE U.S DISTRICT COURT FOR

EASTERN DISTRICT OF CALIF

ANTONIO LUIS WILLIAMS

VS

N. ALBONICO ET., AL

CASE NO.
CIV S-07-0932 GEB KJM

**ORIGINAL**
**FILED**
JUL 0 6 2007
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

LETTER TO ASSIGN
ed JUDGE MULLER
ATTACHed OF DEC
7,05, FEB 22, 05
COURT ORDERS
STIPULATING CASE
BEFORE IT WILL
NOT BE DISMISSED
AND IS A OPEN
U.S. D.O.J INVEST-
igATION; AND 28 U.S.C
§ 1915(G), IS PROPER
FOR PROSECUTION OF
CASE:

PLAINTIFF COME BEFORE THE COURT
WITH SAID LETTER AS TITLED ATTACH-
ed OF DEC 7, 05, FEB 22, 05 COURT ORDERS
"ON 6-1-07 THIN COURT ISSUED A ORD,
TO SHOW CAUSE IN WHICH PLAINT-
RESPONDED THERETO, IN IT'S COUR
ORDER OF 6-1-07 THE COURT SAID
ON PG 2 OF IT'S ORDER IN WILLTO-
VS WINSLOW ET., AL CASE NO. CIV F-05-SCEED-
WMW PLAINTIFF WAS BARRED FROM U.S
ing IN THAT CASE ON JUNE 7
MAGISTRATE JUDGE

WILLIAM WUNDERLICH AFTER THIS COURT
STATED, THAT A WEEK LATER HE did
BIASLY, PREJUDICALLY FOR SELF INTER-
EST, APPARENTLY by POLITICAL MOTIV-
ATION DENIED PETITIONER RIGHT UNDER
28 U.N.C § 1915 1G1 TO PROCEED IN FORMA
PAUPERIS TO be TREATED by COURT
ORDER FOR INJUNCTIVE RELIEF AN AUTHOR-
IZED by 28 U.N.C § 2283, 2284 AN RULE 65 AA
OF THE FEDERAL RULES OF CIVIL PROCED-
URE INCLUDING OBSTRUCTING THE Dec 2.05
COURT ORDER by JUDGE CLAUDIA WILKEN
IN A CONSOLIDATED TRANSFERED CASE
AND LEAVING ME INJURED, UNTREATED
DISLOCATED SHOULDER IN A ONGOING F.B.I
INVESTIGATION. SEE EXH 1,A Dec 2.05, Feb 22.05
COURT ORDER. THIS CASE BEFORE THE
COURT IS A OPEN ONGOING F.B.I INVESTIG-
ATION, COLORABLE CLAIM UNDER FEDERAL
LAW. AND THIS COURT MUST GRANT
PLAINTIFF RELIEF PURSUANT 28 U.N.C § 1915
1G1 REGARDLESS OF U.S MAGISTRATE
JUDGE WUNDERLICH ACTIONS OF BIASES, ETC
THERE IN THIS COURT MUST IN IT'S OWN
JURISDICTION MUST FOLLOW RULES OF LAW
CONCERNING. SEE EXH C MAGISTRATE WUNDERLICH
BIAS 6-7-07 COURT ORDER.

DATED:                                       I DECLARE UNDER
                                       PENALTY OF PERJURY   Antoine williams
                                       ALL TRUE.

"EXh A"

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORIGINAL
FILED

ANTONIO LUIS WILLIAMS,  ) No. C 04-1329 CW (PR)
                        )
      Plaintiff,        ) ORDER GRANTING DEFENDANTS'
                        ) MOTION FOR SUMMARY JUDGMENT
  v.                    ) AND TERMINATING ALL PENDING
                        ) MOTIONS
DIRECTOR OF DOJ, JOHN ASHCROFT, )
ET AL.,                 ) (Docket nos. 27, 8, 9, 11, 12,
                        ) 14, 15, 20, 21, 22, 24, 25,
      Defendants.       ) 31, 32, 34, 38)
                        )

FEB 2 2 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## INTRODUCTION

Plaintiff Antonio Luis Williams, a State prisoner incarcerated at Pelican Bay State Prison (PBSP), filed this civil action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, requesting the Court to enjoin Defendants, officials of the Department of Justice (DOJ), from denying him access to documents which will prove that he is innocent of the crimes for which he was convicted.[1] The Court directed Defendants to respond to the complaint. Now pending is Defendants' motion for summary judgment, which has been briefed fully by the parties. For the reasons discussed below, the Court GRANTS the motion for summary judgment.

## STANDARD OF REVIEW

Summary judgment is properly granted when no genuine and disputed issues of material fact remain and when, viewing the evidence most favorably to the nonmoving party, the movant is

---

[1] This Court denied on the merits Petitioner's federal petition for a writ of habeas corpus challenging the constitutional validity of his conviction. See Williams v. Runnels, 02-2310 CW (Order Denying Petition for a Writ of Habeas Corpus, Mar. 4, 2004). Petitioner appealed that ruling to the Ninth Circuit. On January 18, 2005, the Ninth Circuit affirmed the judgment of the District Court.

United States District Court
For the Northern District of California

1  clearly entitled to prevail as a matter of law.  Fed. R. Civ. P.

2  56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986);

3  Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir.

4  1987).

5       The moving party bears the burden of showing that there is no

6  material factual dispute.  Material facts which would preclude

7  entry of summary judgment are those which, under applicable

8  substantive law, may affect the outcome of the case.  The

9  substantive law will identify which facts are material.  Anderson

10  v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Where the moving

11  party does not bear the burden of proof on an issue at trial, the

12  moving party may discharge its burden of showing that no genuine

13  issue of material fact remains by demonstrating that "there is an

14  absence of evidence to support the nonmoving party's case."

15  Celotex, 477 U.S. at 325.  The burden then shifts to the nonmoving

16  party, who must go beyond the pleadings and, by its own affidavits

17  or discovery, "set forth specific facts showing that there is a

18  genuine issue for trial."  Fed. R. Civ. P. 56(e).  A complete

19  failure of proof concerning an essential element of the nonmoving

20  party's case necessarily renders all other facts immaterial.

21  Celotex, 477 U.S. at 323.  For purposes of summary judgment the

22  court must regard as true the opposing party's evidence, if

23  supported by affidavits or other evidentiary material.  Celotex,

24  477 U.S. at 324; Eisenberg, 815 F.2d at 1289.

BACKGROUND

25       The following statement of facts is undisputed unless

26  otherwise noted, and is taken from the allegations in Plaintiff's

27  verified complaint and the declarations and evidence submitted by

28

2

the parties in support of and in opposition to the motion for

summary judgment.

In February, 2000, Plaintiff sent what he refers to as a "corruption complaint" against the Oakland Police Department to John Ashcroft at the DOJ. In January, 2001, he sent a copy of a September, 2000, complaint to President Bush, informing him that DOJ officials had taken no action. Plaintiff received a letter from the DOJ dated February 26, 2001. The letter was from the Special Litigation Section of the Civil Rights Division (CRD). It informed Plaintiff that the CRD's authority does not extend to investigating individual grievances and suggested that Plaintiff consider contacting a private attorney. See Hermilla Decl. in Support of Motion for Summary Judgment, Ex. B. The letter was assigned DOJ file number 168-11E-0/125981.

Thereafter, Plaintiff submitted a FOIA request to the DOJ asking for all information and documents contained in DOJ file number 168-11-E-0/125981. The CRD received the request on July 2002, and the FOI/PA Branch of the CRD received the request on March 7, 2003. See id., Ex. A. In response to the request, t FOI/PA Branch searched to locate responsive records and determ that, other than the February 26, 2001, letter from the Speci Litigation Section, the CRD had no responsive documents. Thi determination was confirmed by the fact that Plaintiff's Feb 26, 2001, letter had a "0" file number, which indicated that investigation was opened and that any records in the "0" fi have been destroyed in accordance with the National Archive Records Administration records retirement schedule.

In a letter dated August 13, 2003, the Chief of the F

3

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   Branch explained to Plaintiff that no documents existed within DOJ

2   file 168-11E-0 and informed him of his appeal rights.  On September

3   5, 2003, Plaintiff sent an appeal to the DOJ Office of Information

4   and Privacy.  In a letter dated November 26, 2003, that office

5   affirmed the CRD's actions.

6           Plaintiff filed this action on April 6, 2004.  In an Order

7   dated June 24, 2004, the Court directed Defendants to respond to

8   the complaint.  Upon receiving the Court's Order, the FOI/PA Branch

9   learned for the first time of letters that Plaintiff had sent to

10  Tamara Miller, the former Deputy Chief of the Criminal Section.

11  The FOI/PA Branch then conducted additional FOIA searches--both

12  manual and computer-based--to determine if there were any further

13  responsive documents.  The FOI/PA Branch's additional searches

14  revealed that the Criminal Section had opened a file and sent

15  information relating to Plaintiff's allegations to the Federal

16  Bureau of Investigation (FBI).  The FOI/PA Branch's additional

17  inquiry also revealed that the Criminal Section's file on the

18  matter is an open investigation.

19          In a letter dated September 3, 2004, the FOI/PA Branch

20  informed Plaintiff that he might wish to contact the FBI to request

21  any documents relating to his allegations.  In addition, on

22  September 14, 2004, the FOI/PA Branch produced eighteen pages of

23  responsive documents relating to the Criminal Section's open

24  investigation, but withheld fourteen pages of documents under

25  various provisions of the FOIA.  Specifically, the CRD denied

26  Plaintiff access to attorney e-mails and other notes regarding its

27  investigation of Plaintiff's allegations, pursuant to 5 U.S.C.

28  § 552(b)(7)(A), on the ground that disclosure thereof could

GER170

1 reasonably be expected to interfere with ongoing law enforcement

2 proceedings.  The CRD also denied access to these records pursuant

3 to 5 U.S.C. § 552(b)(5), on the ground that the records contain

4 attorney work product and pre-decisional deliberative materials,

5 and pursuant to 5 U.S.C. § 552(b)(7)(C), on the ground that

6 disclosure thereof could reasonably be expected to constitute an

7 unwarranted invasion of the personal privacy of witnesses,

8 interviewees and/or targets.  Plaintiff did not file an appeal

9 regarding the September 14, 2004, response to his request.

10                              DISCUSSION

11     The FOIA mandates a policy of broad disclosure of government

12 documents when production is properly requested of an agency.  See

13 5 U.S.C. § 552(a).  The FOIA obligates the government to produce

14 documents within its "possession or control."  See Kissinger v.

15 Reporters Comm. for Freedom of Press, 445 U.S. 136, 150-51 (1980).

16 If a government agency claims that it does not possess or control a

17 requested document, the agency must show it fully discharged its

18 statutory obligations by conducting a search reasonably calculated

19 to uncover all relevant documents.  See Urban v. United States, 72

20 F.3d 94, 95 (8th Cir. 1995); Weisberg v. United States Dep't of

21 Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983).  The issue to be

22 resolved is not whether there might exist any other documents

23 possibly responsive to the request, but rather whether the search

24 for those documents was adequate.  The adequacy of the search, in

25 turn, is judged by a standard of reasonableness and depends upon

26 the facts of each case.  See Zemansky v. EPA, 767 F.2d 569, 571

27 (9th Cir. 1985).

28     An agency may withhold a requested document only if it falls

1  within one of nine statutory exemptions to the disclosure
2  requirement. See Dobronski v. FCC, 17 F.3d 275, 277 (9th Cir.
3  1994) (citing 5 U.S.C. § 552(b)). The FOIA establishes federal
4  district court jurisdiction to conduct de novo review of agency
5  decisions to deny requested access to agency records. Jurisdiction
6  is dependent upon a showing that an agency has (1) improperly (2)
7  withheld (3) agency records. See Kissinger, 445 U.S. at 150.
8  "Judicial authority to devise remedies and enjoin agencies can only
9  be invoked, under the jurisdictional grant conferred by § 552, if
10  the agency has contravened all three components of this
11  obligation." Id.
12      The FOIA requires that administrative appeals be exhausted
13  before suit may be brought in federal court. See Hymen v. Merit
14  Systems Protection Bd., 799 F.2d 1421, 1423 (9th Cir. 1986), cert.
15  denied, 481 U.S. 1019 (1987). Failure to do so is grounds for
16  dismissal for lack of subject matter jurisdiction. Id.
17      Defendants argue that Plaintiff's complaint must be dismissed
18  as moot because the CRD FOI/PA Branch has provided him with
19  eighteen pages of responsive documents and he has not challenged
20  that decision. Defendants also assert that any challenge to their
21  withholding of fourteen pages of exempt documents under 5 U.S.C.
22  §§ 552(b)(7)(A), (b)(5) and (b)(7)(C) must be dismissed because
23  Plaintiff has not exhausted his administrative remedies.
24      The Court agrees with Defendants' assessment. An action to
25  compel the production of documents under the FOIA is mooted when
26  the agency in control of the requested documents delivers them to
27  the plaintiff. See Carter v. Veterans Admin., 780 F.2d 1479, 1481
28  (9th Cir. 1986). Dismissal is then warranted. See id. This is so

United States District Court
For the Northern District of California

6

United States District Court
For the Northern District of California

1   even if the documents are provided after the Plaintiff has filed

2   suit in district court, and notwithstanding the agency's initial

3   provision of erroneous and incomplete information to the Plaintiff.

4   Id.; see also Papa v. Untied States, 281 F.3d 1004, 1013 (9th Cir.

5   2002) (production of all nonexempt material, however belatedly,

6   moots FOIA claims). Here, Plaintiff's complaint sought to enjoin

7   Defendants from withholding documents responsive to his FOIA

8   request. Since the complaint was filed Defendants have provided

9   Plaintiff with all responsive material which they claim is

10  nonexempt. Plaintiff has not challenged this decision by way of an

11  agency appeal and his opposition to Defendants' motion for summary

12  judgment does not address Defendants' argument. Accordingly,

13  because the agency has provided Plaintiff with all responsive

14  nonexempt documents in its possession and Plaintiff has not

15  challenged this decision, his request for Court action is moot.

16       To the extent Plaintiff is dissatisfied with Defendants'

17  response to his FOIA request and seeks access to the documents

18  which Defendants claim are exempt, he must exhaust all DOJ CRD

19  FOI/PA administrative remedies before pursuing such claim in

20  federal court. In his September 14, 2004, letter to Plaintiff,

21  Nelson Hermilla, Chief of the CRD, tells Plaintiff how he can

22  appeal the CRD's decision.

23       Plaintiff has failed to raise a triable issue of fact with

24  respect to whether his claim that Defendants have failed to provide

25  him with responsive documents is moot. He also has failed to raise

26  a triable issue of fact with respect to whether he has exhausted

27  administrative remedies in response to Defendants' refusal to

28  provide him with certain documents. Accordingly, summary judgment

7

United States District Court
For the Northern District of California

1  is GRANTED to Defendants on the grounds of mootness and

2  nonexhaustion of administrative remedies.

3                    PLAINTIFF'S PENDING MOTIONS

4      Since June 28, 2004, Plaintiff has filed fifteen ex parte

5  motions, which the Court now reviews.

6      Plaintiff has filed two motions for immediate injunctive

7  relief. He seeks transfer to a hospital to X-ray a dislocated

8  shoulder he suffered after allegedly being beaten in 2002. This

9  claim was addressed by the Court in Plaintiff's action, Williams v.

10 Runnels, C 04-0782 CW, filed on March 16, 2004. Accordingly, the

11 motions for immediate injunctive relief are DENIED (docket nos. 8,

12 20).

13     Plaintiff has filed two motions asking the Court to recuse

14 itself from presiding over this action. Specifically, Plaintiff

15 maintains that the Court's denial of his federal habeas petition

16 (Williams v. Runnels, C 02-2310 CW) was erroneous and the Court is

17 biased against him. Plaintiff's allegations are legally

18 insufficient to establish that the Court has a personal bias or

19 prejudice against him. Accordingly, the motions for recusal are

20 DENIED (docket nos. 9, 24). See 28 U.S.C. § 144; United States v.

21 $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995)

22 (affidavit inadequate when based on mere conclusory allegations).

23 Plaintiff's motions asking the Court to notify the Ninth Circuit

24 that his conviction should be reversed based on newly discovered

25 evidence are also DENIED (docket nos. 31, 34, 38). Plaintiff

26 should have raised any arguments concerning this Court's ruling on

27 his habeas petition to the Ninth Circuit in his appeal.

28     Plaintiff has filed two motions to award monetary damages.

                              8

1  Damages are not available in a FOIA action.  See 5 U.S.C.

2  § 552(a)(4)(B); Gale v. United States Dep't of Justice, 628 F.2d

3  224, 226 n.4 (D.C. Cir. 1980).  Accordingly, these motions are

4  DENIED (docket nos. 14, 32).

5      Plaintiff has filed two discovery motions asking the Court to

6  order the DOJ to provide him with documents.  Access to these

7  documents is the gravamen of Plaintiff's FOIA claim, which has been

8  denied for the reasons set forth above.  Accordingly, these

9  discovery requests are DENIED as moot (docket nos. 11, 21).

10      Plaintiff has filed a motion asking the Court to reconsider

11  that portion of its June 24, 2004, Order dismissing Plaintiff's

12  non-FOIA claims.  Plaintiff has not presented persuasive grounds

13  for reconsideration.  Accordingly, this motion is DENIED (docket

14  no. 12).  See Civil L.R. 7-9.

15      Plaintiff's motions to appoint counsel, to call an expert

16  witness and for leave to proceed in forma pauperis are DENIED as

17  moot (docket nos. 15, 22, 25).

18                              CONCLUSION

19      For the foregoing reasons, Defendants' motion for summary

20  judgment is GRANTED.  (Docket no. 27).  The Clerk of Court shall

21  terminate all pending motions and enter judgment in favor of

22  Defendants.

23      IT IS SO ORDERED.

24  DATED:  2/22/05

25                      /s/ CLAUDIA WILKEN

26                      _____
                        CLAUDIA WILKEN
27                      United States District Judge

28

United States District Court
For the Northern District of California

                                 9

"Exh B"

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTONIO LUIS WILLIAMS,   ORIGINAL   No.   C 05-2002 CW (PR)
                         FILED

         Plaintiff,    DEC - 1 2005

    v.                 RICHARD W. WIEKING
                       CLERK, U.S. DISTRICT COURT
N. ALBONICO, ET AL.,   NORTHERN DISTRICT OF CALIFORNIA
                       OAKLAND

         Defendants.                /

                                    No.  C 05-4200 CW (PR)

ANTONIO LUIS WILLIAMS,

         Plaintiff,                 ORDER CONSOLIDATING AND
                                    TRANSFERRING ACTIONS TO THE
                                    UNITED STATES DISTRICT COURT
    v.                              FOR THE EASTERN DISTRICT OF
                                    CALIFORNIA
DWIGHT WINSLOW, ET AL.,

         Defendants.                /

     Plaintiff Antonio Luis Williams is a prisoner of the State of
California who was incarcerated at Pelican Bay State Prison (PBSP)
when he filed this civil rights complaint.  Since June 16, 2005,
however, he has been incarcerated at Tehachapi Sate Prison, which
is located in Kern County, California.

     In an Order dated December 22, 2004, this Court held that
Plaintiff generally is barred from proceeding in forma pauperis in
federal court under the provisions of 28 U.S.C. § 1915(g).[1]  Both

─────────────────────────

     [1]The Prison Litigation Reform Act of 1995 (PLRA), which was enacted
on April 26, 1996, provides that a prisoner may not bring a civil action
or appeal a civil judgment under the in forma pauperis provisions of 28
U.S.C. § 1915:

         [I]f the prisoner has, on 3 or more prior occasions, while
         incarcerated or detained in any facility, brought an action or
         appeal in a court of the United States that was dismissed on
         the grounds that it is frivolous, malicious, or fails to state

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  prior to and since the entry of that Order Plaintiff filed actions

2  seeking to compel prison officials at PBSP to provide him with

3  treatment for an injured shoulder from which he has suffered since

4  prison officials used force against him at High Desert State Prison

5  (HDSP) in 2002.  Plaintiff did receive x-rays at PBSP in May, 2004,

6  and the doctor told him that no injury was present.  Because

7  Plaintiff was not allowed to see the x-rays, however, he objected

8  to the doctor's conclusion and continued to seek additional

9  diagnostic procedures and medical care.

10      The Court dismissed Plaintiff's complaints without prejudice

11  because of his conceded failure to exhaust administrative remedies,

12  see, e.g., Williams v. McGrath, C 04-2542 CW, and because he had

13  not made the requisite showing for application of the "imminent

14  danger of serious physical injury" exception to § 1915(g), see In

15  re: Antonio Luis Williams, Nos. C 04-5041 CW, C 04-5255 CW, C 05-

16  0253 CW.  With respect to the imminent danger exception the Court

17  wrote:

18      If Plaintiff maintains that he is in need of immediate
       medical care and is unable to pay the filing fee, he may
19      seek leave to proceed with this claim under § 1915(g)
       PROVIDED that he files a civil rights complaint which
20      asserts ONLY this claim and which names as Defendants
       those individuals at Pelican Bay State Prison who are
21      responsible for denying him medical care and/or who can
       provide him with relief.  If Plaintiff continues to make
22      conclusory allegations about the care to which he
       maintains he is entitled and continues to name the Court,
23      who is not responsible for Plaintiff's medical care, as a
       Defendant, his actions will be dismissed.
24

25      The present complaints are duplicative of past actions
       filed by Plaintiff and do not allege facts which fall
26      within the "imminent danger of serious physical injury"

27  _____

28      a claim upon which relief may be granted, unless the prisoner
       is under imminent danger of serious physical injury.

   28 U.S.C. § 1915(g).

                                    2

1    exception to § 1915(g).  Accordingly, they will be
2    dismissed.

3  Order at 3 (Apr. 27, 2005).

4       Shortly thereafter, Plaintiff filed the first of his

5  complaints, Williams v. Albonico, C 05-2002 CW, in which he repeats

6  previously raised allegations that PBSP Warden Joe McGrath

7  conspired with Chief Medical Doctor Dwight Winslow not to treat him

8  for his shoulder injury in an attempt to obstruct an investigation

9  by the Department of Justice (DOJ) into the cause of the injury,

10  and that after he was assaulted at HDSP x-rays were taken of his

11  shoulder on May 15, 2002, but he was told falsely that they were

12  negative.  He alleged that the imminent danger exception to

13  § 1915(g) applied because he was in imminent danger of having

14  charges filed against him because of complaints he had filed with

15  the DOJ.  It was not until July 22, 2005, when the Court received a

16  document from Plaintiff entitled "Affadavit [sic] of Witness, of

17  Injury," that Plaintiff's request for additional medical care for

18  his shoulder was made clear.  By then, Plaintiff had been

19  transferred to Tehachapi State Prison.  Since then, Plaintiff has

20  continued to file numerous documents in this action, most of them

21  duplicative, which seek damages from various doctors and injunctive

22  medical relief from doctors at Tehachapi State Prison.

23       On October 18, 2005, Plaintiff filed another civil rights

24  action, Williams v. Winslow, et al., C 05-4200 CW, in which he

25  seeks damages for allegedly inadequate medical care by PBSP doctors

26  and injunctive medical relief from doctors at Tehachapi State

27  Prison.

28       On November 9, 2005, Plaintiff filed a motion to consolidate

United States District Court
For the Northern District of California

1  the two pending actions.

2      The Court finds that, standing alone, Plaintiff's claims for
3  damages for inadequate medical care do not meet the imminent danger
4  exception to the exhaustion requirement. But, liberally construed,
5  his claims for injunctive medical relief do. Therefore, the Court
6  will not dismiss the complaints under § 1915(g). Because Plaintiff
7  now is incarcerated at Tehachapi State Prison, however, the Court
8  will transfer the complaints to the United States District Court
9  for the Eastern District of California.

10      Accordingly, in the interests of justice, Plaintiff's request
11  to consolidate these actions is GRANTED. The Clerk of the Court
12  shall CONSOLIDATE the cases into the low case number, C 05-2002 CW,
13  and shall TRANSFER the files forthwith to the United States
14  District Court for the Eastern District of California. 28 U.S.C.
15  § 1406(a).
16

17      IT IS SO ORDERED.

18  DATED: 12/1/05

19
20
21  CLAUDIA WILKEN
    United States District Judge
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

4

*Exh c*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

1

2

3

4

5

6

7    ANTONIO LUIS WILLIAMS,

8            Plaintiff,                          CV F 05 1560  LJO WMW  P

9    vs.                                         _____FINDINGS AND RECOMMENDATION

10

11   DWIGHT WINSLOW, et al.,

12           Defendants.

13

14          Plaintiff is a state prisoner proceeding pro se in a civil rights action challenging

15   the conditions of his confinement.

16          Plaintiff, an inmate in the custody of the California Department of Corrections at

17   CCI Tehachapi, brings this civil rights action against an un-named physician contracted to treat

18   Plaintiff at Tehachapi.

19          This action was filed in the U.S. District Court for the Northern District of

20   California, and transferred to this court. Plaintiff filed three cases in that court. In the order

21   consolidating and transferring the actions to this court, Plaintiff was advised that he has been

22   barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g). Plaintiff,

23   incarcerated at Pelican Bay State Prison at the time this case was filed, alleged deficient medical

24   care. Plaintiff was specifically advised of the following:

25          In an order dated December 22, 2004, this Court held that Plaintiff
             generally is barred from proceeding in forma pauperis in federal

26                                              1

court under the provisions of 28 U.S.C. § 1915(g). Both prior to and since the entry of that order Plaintiff filed actions seeking to compel prison officials at PBSP to provide him with treatment for an injured shoulder from which he has suffered since prison officials used force against him at High Desert State Prison in 2002. Plaintiff did receive x-rays at PBSP in May, 2004, and the doctor told him that no injury was present. Because Plaintiff was not allowed to see the x-rays, however, he objected to the doctor's conclusion and continued to seek additional diagnostic procedures and medical care.

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury." 28 U.S.C. § 1915(g).

This plaintiff has, on 3 prior occasions, brought civil actions challenging the conditions of his confinement. The allegations in this complaint consist of vague references to some orthopedic procedure while Plaintiff was housed at Tehachapi. A review of the December 15, 2006, amended complaint reveals that Plaintiff has failed to specifically identify a named defendant at Tehachapi, nor alleged any facts indicating that individual engaged in conduct that subjects Plaintiff to imminent danger of serious physical injury.

Accordingly, on March 9, 2007, an order to show cause was entered, directing Plaintiff to show cause why his application to proceed in forma pauperis should not be be denied pursuant to 28 U.S.C. § 1915(g), and he be directed to pay the filing fee in full.

On March 23, 2007, Plaintiff filed a response to the order to show cause. Plaintiff's response is 41 pages long and consists largely of copies of his medical filed and copies of pleadings in other cases that he has filed. Plaintiff has not made a showing that the operative pleading in this case alleges facts that satisfy the standard set forth in section 1915(g). The gravamen of Plaintiff's complaint is the quality of the health care he has received. Because

1    Plaintiff has failed to allege facts indicating an imminent danger of serious physical injury, he

2    can not proceed in forma pauperis.  Should Plaintiff desire to continue in this action and

3    challenge the constitutional sufficiency of his medical care, me must pay the filing fee in full.

4                    Accordingly,IT IS HEREBY RECOMMENDED  that:

5                    1.  Plaintiff's application to proceed in forma pauperis be denied pursuant to 28

6    U.S.C. § 1915(g).

7                    2.  Plaintiff be directed to pay the filing fee, in full, or suffer dismissal of this

8    action pursuant to Local Rule 11-110 for failure to prosecute.

9                    These findings and recommendations are submitted to the United States District

10   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within

11   thirty days after being served with these findings and recommendations, Plaintiff may file

12   written objections with the court.  Such a document should be captioned "Objections to

13   Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file

14   objections within the specified time may waive the right to appeal the District Court's order.

15   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16

17

18

19   IT IS SO ORDERED.

20   Dated:    **June 7, 2007**                          **/s/  William M. Wunderlich**
                                                          UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

3

"Exh B"

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTONIO LUIS WILLIAMS, ORIGINAL    No.   C 05-2002 CW (PR)
                        FILED
            Plaintiff, DEC - 1 2005

       v.                RICHARD W. WIEKING
                        CLERK U.S. DISTRICT COURT
N. ALBONICO, ET AL.    NORTHERN DISTRICT OF CALIFORNIA
                              OAKLAND
            Defendants.
                                        /

                                No. C 05-4200 CW (PR)
ANTONIO LUIS WILLIAMS,

            Plaintiff,          ORDER CONSOLIDATING AND
                                TRANSFERRING ACTIONS TO THE
                                UNITED STATES DISTRICT COURT
       v.                       FOR THE EASTERN DISTRICT OF
                                CALIFORNIA
DWIGHT WINSLOW, ET AL.,

            Defendants.
                                        /

        Plaintiff Antonio Luis Williams is a prisoner of the State of
California who was incarcerated at Pelican Bay State Prison (PBSP)
when he filed this civil rights complaint. Since June 16, 2005,
however, he has been incarcerated at Tehachapi Sate Prison, which
is located in Kern County, California.

        In an Order dated December 22, 2004, this Court held that
Plaintiff generally is barred from proceeding in forma pauperis in
federal court under the provisions of 28 U.S.C. § 1915(g).[1]  Both

        [1]The Prison Litigation Reform Act of 1995 (PLRA), which was enacted
on April 26, 1996, provides that a prisoner may not bring a civil action
or appeal a civil judgment under the in forma pauperis provisions of 28
U.S.C. § 1915:

        [I]f the prisoner has, on 3 or more prior occasions, while
        incarcerated or detained in any facility, brought an action or
        appeal in a court of the United States that was dismissed on
        the grounds that it is frivolous, malicious, or fails to state

1   prior to and since the entry of that Order Plaintiff filed actions

2   seeking to compel prison officials at PBSP to provide him with

3   treatment for an injured shoulder from which he has suffered since

4   prison officials used force against him at High Desert State Prison

5   (HDSP) in 2002.  Plaintiff did receive x-rays at PBSP in May, 2004,

6   and the doctor told him that no injury was present.  Because

7   Plaintiff was not allowed to see the x-rays, however, he objected

8   to the doctor's conclusion and continued to seek additional

9   diagnostic procedures and medical care.

10      The Court dismissed Plaintiff's complaints without prejudice

11  because of his conceded failure to exhaust administrative remedies,

12  see e.g., Williams v. McGrath, C 04-2542 CW, and because he had

13  not made the requisite showing for application of the "imminent

14  danger of serious physical injury" exception to § 1915(g), see In

15  re: Antonio Luis Williams, Nos. C 04-5041 CW, C 04-5255 CW, C 05-

16  0253 CW.  With respect to the imminent danger exception the Court

17  wrote:

18      If Plaintiff maintains that he is in need of immediate
        medical care and is unable to pay the filing fee, he may
19      seek leave to proceed with this claim under § 1915(g)
        PROVIDED that he files a civil rights complaint which
20      asserts ONLY this claim and which names as Defendants
        those individuals at Pelican Bay State Prison who are
21      responsible for denying him medical care and/or who can
        provide him with relief.  If Plaintiff continues to make
22      conclusory allegations about the care to which he
        maintains he is entitled and continues to name the Court,
23      who is not responsible for Plaintiff's medical care, as a
        Defendant, his actions will be dismissed.
24
25      The present complaints are duplicative of past actions
        filed by Plaintiff and do not allege facts which fall
26      within the "imminent danger of serious physical injury"

27  _____

28      a claim upon which relief may be granted, unless the prisoner
        is under imminent danger of serious physical injury.

    28 U.S.C. § 1915(g)

1    exception to § 1915(g).  Accordingly, they will be
2    dismissed.

Order at 3 (Apr. 27, 2005).

3
4    Shortly thereafter, Plaintiff filed the first of his
5    complaints, Williams v. Albonico, C 05-2002 CW, in which he repeats
6    previously raised allegations that PBSP Warden Joe McGrath
7    conspired with Chief Medical Doctor Dwight Winslow not to treat him
8    for his shoulder injury in an attempt to obstruct an investigation
9    by the Department of Justice (DOJ) into the cause of the injury,
10   and that after he was assaulted at HDSP x-rays were taken of his
11   shoulder on May 15, 2002, but he was told falsely that they were
12   negative.  He alleged that the imminent danger exception to
13   § 1915(g) applied because he was in imminent danger of having
14   charges filed against him because of complaints he had filed with
15   the DOJ.  It was not until July 22, 2005, when the Court received a
16   document from Plaintiff entitled "Affadavit [sic] of Witness, of
17   Injury," that Plaintiff's request for additional medical care for
18   his shoulder was made clear.  By then, Plaintiff had been
19   transferred to Tehachapi State Prison.  Since then, Plaintiff has
20   continued to file numerous documents in this action, most of them
21   duplicative, which seek damages from various doctors and injunctive
22   medical relief from doctors at Tehachapi State Prison.

23   On October 18, 2005, Plaintiff filed another civil rights
24   action, Williams v. Winslow, et al., C 05-4200 CW, in which he
25   seeks damages for allegedly inadequate medical care by PBSP doctors
26   and injunctive medical relief from doctors at Tehachapi State
27   Prison.
28
     On November 9, 2005, Plaintiff filed a motion to consolidate

3

1  the two pending actions.

2      The Court finds that, standing alone, Plaintiff's claims for

3  damages for inadequate medical care do not meet the imminent danger

4  exception to the exhaustion requirement.  But, liberally construed,

5  his claims for injunctive medical relief do.  Therefore, the Court

6  will not dismiss the complaints under § 1915(g).  Because Plaintiff

7  now is incarcerated at Tehachapi State Prison, however, the Court

8  will transfer the complaints to the United States District Court

9  for the Eastern District of California.

10     Accordingly, in the interests of justice, Plaintiff's request

11 to consolidate these actions is GRANTED.  The Clerk of the Court

12 shall CONSOLIDATE the cases into the low case number, C 05-2002 CW,

13 and shall TRANSFER the files forthwith to the United States

14 District Court for the Eastern District of California.  28 U.S.C.

15 § 1406(a).

16

17     IT IS SO ORDERED.

18 DATED: 12/1/05

19

20                        CLAUDIA WILKEN

21                        United States District Judge

22

23

24

25

26

27

28

4



U.S. Department of Justice

Civil Rights Division

*Exh*
*9*

ANM:TLM:yl:bah
DJ 144-11E-1434

Criminal Section - PHB
950 Pennsylvania Avenue, N.W.
Washington, DC. 20530

NOV  8

Mr. Antonio Williams
J05660
High Desert State Prison
P.O. Box 3030
Susanville, CA  96127

Dear Mr. Williams:

    This is in response to your undated letter, in which you
allege that you were physically assaulted by corrections officers
in High Desert State Prison on May 14, 2002.

    The Federal Bureau of Investigation has been requested to
conduct a preliminary investigation into this matter.  You can be
assured that if the evidence shows that there is a prosecutable
violation of federal criminal civil rights statutes, appropriate
action will be taken.

    Thank you for bringing this matter to our attention.

                            Sincerely,

                        Albert N. Moskowitz
                          Section Chief
                         Criminal Section
                       Civil Rights Division

          By:

                         Tamara Miller
                          Deputy Chief
                        Criminal Section

cc:  Records  Chrono Levy T. 10/31/02
S:\ylevy\MyFiles\Correspondence\Citizen Letters\Williams_Antonio
FBI.wpd

*Exh 6*

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ANTONIO WILLIAMS,

11            Plaintiff,              2:07-cv-0932-GEB-KJM-P

12        vs.

13    N. ALBONICO, et al.,

14            Defendants.              <u>ORDER</u>

15    _____/

16              Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action

17    seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate

18    Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

19              On July 27, 2007, the magistrate judge filed findings and recommendations herein

20    which were served on plaintiff and which contained notice to plaintiff that any objections to the

21    findings and recommendations were to be filed within twenty days. Plaintiff has filed objections

22    to the findings and recommendations.

23              In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-

24    304, this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire

25    file, the court finds the findings and recommendations to be supported by the record and by

26    proper analysis.

1

1          Accordingly, IT IS HEREBY ORDERED that:

2          1. The findings and recommendations filed July 27, 2007, are adopted in full;

3          2. This action is dismissed.

4   Dated: August 30, 2007

5

6                                        GARLAND E. BURRELL, JR.

7                                        United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

To be Copied

EX 7

# STATE OF CALIFORNIA
G.A.22 (8/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | | CDC NUMBER |
|------|-----|------|------|------|
| 10-31-07 | C/O Matthews | Williams | | Jo5660 |

| HOUSING | BED NUMBER/WORK ASSIGNMENT | | JOB NUMBER | ASSIGNMENT HOURS |
|---------|------|------|------|------|
| 4-4-204 | | | | FROM TO FROM TO |

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)

Clearly state your reason for requesting this interview.
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

On 3rd watch you Delivered This Legal
Addressed Envelope Attached From Clerk
of U.S. District court Eastern District
of Calif post Marked Aug 30,07 At You

INTERVIEWED BY _____ DATE _____

TES COURTS
ED STATES DISTRICT COURT
T OF CALIFORNIA
ALIFORNIA 95814
BUSINESS

EXH 7

WB4A
704L

93581 5905 8900



neopost

04908202
$ 00.580
08/30/2007
Mailed From 95814
US POSTAGE